[Rothschild *et al.* v. Bay City Lumber Co. *et al.*]

# Rothschild *et al. v.* Bay City Lumber Co. *et al.*

## *Bill in Equity to redeem.*

1. *Growing trees a part of land; deed conveying them confers interest in land.*—Growing trees are a part of the realty, and with no stipulation to the contrary, a deed to the trees standing on timbered land, conveys an interest in the land as distinguished from an interest in the trees themselves considered as chattels.

2. *Bill to redeem; by whom may be filed.*—Any one who has an interest in mortgaged lands, derived through the right of the mortgagee and subject to foreclosure, may redeem from under the mortgage, though such interest extend only to part of the equity of redemption, which originally resided in the mortgagor.

3. *Right of junior mortgagee of trees to redeem.*—A junior mortgagee, having taken a mortgage upon the growing trees standing on land, after the mortgagor had executed a mortgage to all of such land, having an interest in the lands by reason of the equity of redemption in the trees, acquired from the mortgagor, may maintain a bill against a prior mortgagee to redeem from under his mortgage; and this right of redemption is not effected or prejudiced by the fact that the mortgagor, after the execution of the second mortgage, executed a deed proper to convey all of the lands to the senior mortgagee.

4. *Equity pleading; misjoinder of parties defendant must be objected to by such parties.*—The misjoinder of parties defendant to a bill in equity, is an objection which such parties alone can make; and a demurrer, upon the ground of such misjoinder, interposed by either parties defendant, is properly overruled.

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed on April 23, 1903, by the appellees, the Bay City Lumber Company, a cor-

poration, and the Sullivan Timber Company, a corporation, and W. H. Louisell, against the appellants, K. E. Rothschild, A. F. Rothschild, and T. Rothschild, partners doing business under the firm name of Rothschild & Brothers, and Morris W. Simmons and his wife, Martha Simmons. W. H. Louisell was subsequently stricken out as a party complainant.

The facts stated in the bill and bearing upon the issue involved in this appeal, are as follows: In 1895, one Morris Simmons, then owner of the land in controversy, made a mortgage thereon to Rothschild & Brothers to secure a sum of money named in the mortgage, and all future advances whether made before or after the law day of the mortgage, and the said mortgage was duly recorded in January of that year. In February, 1899, W. H. Louisell bought all the trees and timber on said land from Morris Simmons and wife and received a proper deed therefor, which deed was duly recorded in the same month that it was executed. On the first day of March, 1900, said Morris Simmons and wife executed a deed conveying the said land to the defendants, Rothschild & Brothers, which deed was recorded within a few days after it was made. In July, 1900, Louisell and wife conveyed the said trees and standing timber to complainants. Some time subsequent to this, complainants cut and removed a portion of the timber from said lands, and the remaining portion thereof still stands upon the said lands. During all this time said Morris Simmons lived upon the said lands and cultivated a portion thereof. The complainants had no actual notice that the possession of said lands had ever been transferred from the said Simmons to the said Rothschild & Brothers, until long after the cutting of said timber, and only a few months before the filing of the bill in this case, learned that said Morris Simmons had made a deed conveying the said lands to the said Rothschild & Brothers, and at the time of the making of same, received from the said Rothschild & Brothers an agreement permitting him to redeem the said lands at any time within two years, he then agreeing to hold the said

lands as a tenant of the said Rothschilds and to pay rent therefor. The bill further shows that complainants did not know of the existence of said mortgage at the time of their purchase from Louisell, but that they became aware of it shortly afterwards and tried to redeem the said property from said Rothschild & Brothers, but the said Rothschild & Brothers declined to let them know what was owing upon the indebtedness secured by the said mortgage, claiming that no one but Simmons had the right to redeem the property, and that they would not permit a redemption by any one else. At this time complainants had constructive notice of the deed which Simmons had made to the Rothschild & Brothers, but did not have actual notice of it. There is nothing in the deed from Simmons to the Rothschilds to indicate or show that its consideration was the indebtedness secured by the above mentioned mortgage. It recites only the payment of a cash amount. Complainants who had purchased the timber from Simmons before the making of the deed to Rothschild and subsequent to the making of the mortgage, claim the right to redeem the said property by paying whatever may be found to be owing upon the indebtedness secured by the said mortgage, averring that the amount thereof can not exceed $325,00, and depositing that amount in the registry of the court. They aver that they have the right to have the Rothschilds look first to the land, as distinguished from the timber, for the satisfaction of the mortgage indebtedness, and to have the same subjected for that purpose, and offer to pay any balance of said mortgage indebtedness which may remain after applying thereto the proceeds of the said lands, as distinguished from the said timber. The bill further shows that the said Rothschild & Brothers have brought an action of trespass for the cutting by complainants of the said timber, which action is pending in the circuit court of Monroe county, Alabama, and the bill prays for an injunction against the further prosecution of said action at law.

The bill also prayed for an accounting and that the complainants be allowed to redeem the lands from Rothschild & Brothers, and further prayed that in the

event the complainants were forced to pay any sum in order to redeem the property, that they be subrogated to the rights of said Rothschilds under said agreement. There was also a prayer for general relief.

The respondents demurred to the bill upon several grounds, which may be summarized as follows: 1. Because of misjoinder of parties defendant in this, that Morris Simmons and Martha Simmons are made parties defendant, and the bill of complaint shows they are not proper or necessary parties defendant or complainant. 2. Because said bill of complaint is filed to redeem the lands from these defendants and the bill of complaint shows that the time for redemption had expired when bill was filed. 3. Because said bill of complaint shows that the complainants and neither one of them have any right to redeem the land described in the bill of complaint. 4. Because the ownership of the timber on the lands in the bill would not give right to redeem the lands in which complainants claim no interest. 5. Because said bill of complaint shows that these demurrants have an absolute title to the lands in the bill, not subject to redemption by complainants or any of them. 6. Because said bill of complaint shows that the complainants severally purchased the timber on the lands in the bill with oral notice of these demurrants' rights in regard to said lands and the timber thereon. 7. Because the complainant, the Bay City Lumber Company and the Sullivan Timber Company, claiming to own the timber on the lands described in the bill of complaint, in manner and form as averred therein, have no right in equity to redeem the lands from these demurrants holding the land under the deed from Morris W. Simmons and wife as averred in the bill of complaint in this cause. The respondents also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the motion to dismiss and upon the demurrers, the chancellor decreed that neither the motion nor the demurrers were well taken, and ordered each of them overruled. From this decree the respondents appeal, and assign the rendition thereof as error.

[Rothschild *et al.* v. Bay City Lumber Co. *et al.*]

WIGGINS, HUBBARD & BAYLES and MILLER & MILLER, for appellants.—The complainants in this case claiming to own only an interest in the timber trees, can not come in and redeem from the respondents the lands to which they hold an absolute title. It is practicable for the complainants, if they have rights at all, to apportion the timber from the lands when the respondents hold a mortgage on the timber as well as the land.—*Pitts v. Amer. Mortgage Co.*, 123 Ala. 473.

The bill shows appellants were in possession of the land by their tenant and holding it on the 23d July, 1900, when Louisell sold and conveyed the timber to appellees. Was not this deed of Louiselle to appellees void as to appellants, the land being held by appellants adversely at date of the deed? If this deed was void, then could appellees maintain this suit in their own name? We think not.—*Pearson v. King*, 99 Ala. 125; *Davis v. Curry*, 85 Ala. 133; *Yarbrough v. Avant*, 66 Ala. 526.

STEVENS & LYONS, *contra.*—The ownership of the surface of the soil and of the timber and trees growing thereon may be separated, and each then becomes a distinct interest in land.—*Heflin v. Bingham*, 56 Ala. 566; *Magnetic Ore Co. v. Marbury Lumber Co.*, 104 Ala. 465; *Riddle v. Brown*, 20 Ala. 412.

Under the facts averred in the bill complainants became the owners of the Simmons equity of redemption in the timber. A suit to redeem may be maintained by any one who owns the mortgagor's equity of redemption, *or any subsisting interest therein*, by privity of title with him whether by purchase, inheritance or otherwise. *Butts v. Broughton*, 72 Ala. 294; *McGough v. Sweetzer*, 97 Ala. 361; *Boynton v. Sawyer*, 35 Ala. 497; *Wiley, Banks & Co. v. Ewing*, 47 Ala. 418; 11 Amer. & Eng. Encyc. (2d ed.), 217.

A conveyance by mortgagor to senior mortgagee, or to any one else, of any equity of redemption which had been previously conveyed either by an absolute deed or a second mortgage, can not affect such grantee or junior mortgagee.—11 Amer. & Eng. Ency. (2d ed.), 1st note, 220; *Wiley, Banks & Co. v. Ewing*, 47 Ala. 418.

If a first mortage include property, a portion of which has subsequently been mortgaged or conveyed to another, such subsequent mortgagee or grantee has a right to force the prior mortgagee to exhaust his remedy against the property in which the subsequent mortgagee or grantee has no interest, before resorting to that portion in which he has an interest.—*Henderson v. Insurance Co.,* 77 Ala. 33; *Orr v. Blackwell,* 93 Ala. 222; *Scheur & Bros. v. Kelly,* 121 Ala. 323.

Simmons and wife were necessary parties to the bill, and if not necessary parties were proper parties.—*Batre v. Ausc's Heirs,* 5 Ala. 173; *Kelly v. Browning,* 113 Ala. 445.

SHARPE, J.—The mortgage of Morris W. and Martha Simmons to Rothschild & Brothers left in those mortgagors, or one of them, the equitable ownership of the land, and their deed to Louisell conveyed to the latter that ownership to the extent of the timber trees mentioned in the deed as "growing, standing and being" on the land. When not stipulated to the contrary, a deed to the trees standing on timbered land conveys an interest in the land, as distinguished from an interest in the trees, considered as chattels.—*Heflin v. Bingham,* 56 Ala. 566, 28 Am. Rep. 776; *Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73. By their deed from Louisell, complainants succeeded to his ownership; and, having thus acquired an interest in the land, subject to the mortgage, they became entitled to redeem from the mortgage. As a general rule, any one who has an interest in mortgaged lands, derived through the right of the mortgagor, and subject to foreclosure, may redeem, though such interest extend only to part of the equity which originally resided in the mortgagor.—*Butts v. Broughton,* 72 Ala. 294; Jones on Mortgages, § 1055; 11 Am. & Eng. Ency. Law (2d ed.), 214.

The rights of property and redemption which passed from the mortgagors, through Louisell, to complainants, were not prejudiced by the deed of the mortgagors made after their sale to Louisell, purporting to convey the

land to the Rothschilds.   The latter took that deed, not
as *bona fide* purchasers, but with notice of Louisell's
purchase constructively imparted by the record of his
deed.   They received through this absolute deed of the
mortgagors only the equity in the land left after the
subtraction therefrom of the timber interest.   This
deed had effect to unite the fractional equity of the Sim-
monses with the legal title held by the Rothschilds
under the mortgage, and to extinguish the rights of
foreclosure the latter had in the property other than the
timber interest, leaving none to which the complainants
could have subrogation as prayed in the bill.   A re-
demption of the land as an entirety will leave neither
right of, nor necessity for, foreclosure as to any inter-
est in the land.   The demurrer, however, goes only to
the bill as a whole, and presents no good objection to the
same as a bill for the enforcement of complainants' right
of redemption.   That right is not dependent on the
agreement between Morris W. Simmons and the Roths-
childs, purporting to provide for a redemption or pur-
chase by the former within two years from the making
of his absolute deed, and therefore the agreement did not
operate as a limitation of time for the assertion of com-
plainant's equity.

   The objection expressed in the demurrer to the join-
der as defendants of Morris W. and Martha Simmons is
one which they alone are in position to make.—*Pate v.
Hinson,* 104 Ala. 599; *Norwood v. Memphis, etc. Rail-
road,* 72 Ala. 565.

   Affirmed.