# Harrell *v.* Mason, *et al.*

## *Partition.*

(Decided Jan. 14, 1911. 54 South. 105.)

1. *Logs and Logging; Timber; Sale; Interest in Land.*—As distinguished from an interest in trees considered as chattels, a sale of an undivided interest in all the timber on land owned by a tenant in common, with a limitation of seven years to remove same, was a sale of an interest in the land.

2. *Partition; Right to; Standing Timber; Statutes.*—Where a tenant in common of an undivided interest in timber land sold his undivided interest in timber to another, and gave him a specific time in which to remove it, the buyer, though not entitled to maintain a bill for partition of the timber, was entitled to maintain a bill against all the co-tenants of the land for partition of the land and timber, both under the statute (sections 5203-5233, Code 1907) and independent thereof.

3. *Same; Timber Land; Determination of Shares.*—Where one purchased the timber interest of a tenant in common in one-third of the land, and then instituted a suit to partition the land and timber, such purchaser's timber interest should be considered by the commissioners in making the partition, and the land partitioned so as to place as near as possible one-third of the timber on the part of the land allotted to the buyer's grantor.

[Harrell v. Mason, et al.]

4. *Same; Sale.*—Where one purchases a third interest in timber on certain common land and then brings a bill for partition, he is entitled to a sale of the land in case it could not be partitioned in kind.

APPEAL from Washington Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by C. Eugene Harrell against Quibus Mason and others for partition. From a decree for defendants on demurrer to the complaint, complainant appeals. Reversed and remanded.

The facts made by the bill are that complainant is the owner of a certain timber interest on an undivided one-third of the land therein described, setting forth a description of the land, together with the interest of each of the respondents and complainant in the land. It it further alleged that one Spear has a judgment against Jeff Mason, which is recorded, and that he is a necessary party to the bill of complaint. It is then alleged that the land cannot be equitably divided. The amendment strikes out the last paragraph above referred to, asserting that the lands cannot be divided equitably or by partition between the joint owners, and substitutes for the prayer for relief the following prayer: "That the land be partitioned and divided among the joint owners thereof in an equitable manner, in order that orator may have the right to enjoy the use of the timber purchased by him, in the event it cannot be done equitably, that a sale be decreed." A later amendment is by striking out in their entirety all amendments to the bill herein made. The exhibit to the bill is a deed made by Quibus Mason to C. E. Harrell, which conveys a one-third interest, undivided, in all trees of every class and all timber now standing or down or growing upon the lands described in the bill, with the right during seven years from the date of this instrument to do all things necessary for the purpose of removing the

timber from the land, and for other purposes necessary thereto. The demurrers raise the proposition that the only interest shown in the complainant is a timber interest, that he has no interest in the land, and therefore cannot maintain a bill for partition.

GRANADE & GRANADE, for appellant. The party purchasing timber growing on lands purchases an interest in the land as distinguished from an interest in the trees considered as chattels,—*Heflin v. Bingham,* 56 Ala. 574; *Rogers v. Brooks,* 99 Ala. 31; *Magnetic O. Co. v. Marbury L. Co.,* 104 Ala. 465; *Rothchilds v. Bay City L. Co.,* 139 Ala. 571; *Zimmerman v. Daffin,* 149 Ala. 389; *Davis v. Miller-Brent,* 44 So. 641. Complainant is entitled to maintain this bill.—*Brown v. Hunter,* 121 Ala. 213; Sec. 5222, Code 1907; 11 L. R. A. 278; 22 L. R. A. 641. If the partition cannot be had by meets and bounds, then the sale for division should be had.— *Berry v. T. & C. R. R. Co.,* 134 Ala. 622; *Garrett S. & D. Co. v. Watts,* 140 Ala. 449; *Fitts v. Craddock,* 144 Ala. 438; *Cramton v. Rutledge,* 157 Ala. 150.

RAWLS, BROMBERG & PRUITT, for appellee. No brief came to the Reporter.

ANDERSON, J.—Article 1 of chapter 121 of the Code of 1907 provides for partition and sale of. property, real and personal, held by joint owners or tenants in common, and gives the probate and chancery courts jurisdiction to effectuate same. Section 5221 provides, however, that the remedy therein given is not exclusive, and does not prevent a resort to any lawful method of obtaining partition of lands.

The complainant is the owner of an undivided one-third interest in all the timber on the land, with the limitation of seven years given him, within which to

remove same, and under the previous decisions of this court, became the owner of an interest in the land, as distinguished from an interest in the trees, considered as chattels.—*Rothchilds v. Bay City Co.*, 139 Ala. 571, 36 South. 785; *Heflin v. Bingham*, 56 Ala. 566, 28 Am. Rep. 776 *Zimmerman Co. v. Daffin*, 149 Ala. 389, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58. It would therefore seem that he is such a joint owner as is given the right of partition under the statute. But independent of the statute, and assuming that it may be questionable as to whether or not he is a joint owner as is contemplated thereby, there is an old maxim that equity affords a remedy wherever there is a right which cannot be enforced in a court of law. Complainant having bought the undivided interest in the timber cannot cut and remove it without becoming liable to the other owners of the lands; yet he has the right to get the benefit of what he has bought. While there is little in the books applicable to a case of this character, there are a few authorities on the subject, and the rule which seems to be sanctioned is as follows: "If two or more persons, as cotenants, own the timber standing on a parcel of land, no reason is perceived why any of them may not compel a partition. If an owner in severalty of lands grants a moiety of the timber thereon, he may maintain a suit against his grantee for its partition. If, however, one of the cotenants grants to a third person the timber on his moiety, the grant cannot, as against the cotenants of the grantor, create a cotenancy in the timber distinct from that in the land which will require them to submit to partition of the former not including the latter. The grantee therefore cannot maintain a suit for the partition of the timber only. He nevertheless has the right to the timber on such part of the land as may be set

apart to his grantor, and for the maintenance of this right must be allowed to prosecute a suit against the grantor and the other cotenants, or, in case of their conveyance to a third person, then against such person to compel the segregation of a parcel from which he may take the timber.—30 Cyc. 175; *Steedman v. Weeks,* 2 Strob. (S. C.) 145, 49 Am. Dec. 660; *Benedict v. Tarrent,* 83 Mich. 181, 47 N. W. 129, 11 L. R. A. 278, 21 Am. St. Rep. 589; *Mee v. Benedict,* 98 Mich. 260, 57 L. R. A. 641, 39 Am. St. Rep. 543. The case of *Mee v. Benedict, supra,* is on all fours as to facts with the present case, except as to the amount of the interest of the complainant in the timber. It was there held that a purchaser of an undivided interest in the timber from tenants in common was not entitled to a partition of the timber as against a tenant in common with his grantor, and who had not conveyed any of his interest in the timber, but his remedy was in equity to enforce a partition of the land, setting off the parcel which will belong to his grantor. We think this the reasonable and proper remedy in cases of this character, and that to allow a partition of the timber alone would not only authorize partition in piecemeal, which is discountenanced by the courts, but would result in such confusion and probable difficulty in a subsequent partition of the land among the owners after the timber was removed from a third thereof, or a third of the timber had been removed from the entire tract. On the other hand, if the land is divided, a subsequent partition is dispensed with, and the complainant gets the timber off the part allotted to his grantor, and the ones who did not sell their timber get their part of the land with the timber thereon untouched and free from any claim of the complainant. The complainant gets what he bought, and the other owners are undisturbed in the

enjoyment of their land and timber. It is true a parti-
tion of the land in kind should be made, not only with
reference to the value of the respective shares in the
land, but the complainant's timber interest should be
considered, and the land so equitably partitioned as
to place, as near as possible, one-third of the timber on
the part of the land allotted to the complainant's grant-
or. If the land cannot be so partitioned as to equitably
partition the timber also, it should then be sold and the
proceeds divided, and the chancery court would have
the inherent power to ascertain the relative value that
the timber had to the land, and divide proceeds of the
third coming to the complainant's grantor between
them—that is, the complainant and his grantor—in
proportion to what the value of the timber bears to the
total price for which the land sold, less the cost and ex-
pense of the sale.

In the case of *Steedman v. Weeks, supra,* the court
did authorize a partition of the timber as distinguish-
ed from the land, but there the owner of the land had
in effect severed the entire timber title from the land.
He owned all of the land, and sold an undivided half
interest in the timber to another, and the court held
that he could compel his vendee to a partition of the
timber. Here the facts are different, as none of the
owners, except the complainant's grantor, conveyed
any timber interest, and they did not participate in a
severance of their timber interest from the land. Nor
do we question the idea, when the owner or owners of
the entire estate sever timber or mineral, by conveying
them or treating them as estates separable from the
land, that the timber or mineral may not be partition-
ed without a partition of the land; but in cases like the
one at bar, where only one of several owners has con-
veyed his timber interest in the land, this does not op-

[Harrell v. Mason, et al.]

erate as such a severance as would constitute the timber and land separate estates and subject to partition in severalty.—Freeman on Cotenancy and Partition, §§ 435, 436.

The bill was first for a sale of the land, because it could not be equitably divided, and was amended so as to ask primarily for partition in kind, but sought a sale in the alternative, in case it could not be partitioned. This was probably admissible before the Code of 1907.—*Berry v. Tenn Co.*, 134 Ala. 618, 33 South. 8; *Claude v. Handy*, 83 Md. 225, 34 Atl. 532. If, however, there should be any doubt on the subject, the same is removed by section 3095 of the Code of 1907.

It is not clear whether the amendment to the bill was considered when passing on the demurrer incorporated in the answer, yet the demurrer purports to be directed at the bill as amended, and, if it was so directed, the chancery court erred in sustaining same. If, on the other hand, the bill had not in fact been amended when said demurrer was considered, the complainant should have been permitted to amend, after the ruling on the demurrers, and which he attempted to do. While the record presents some confusion, the amended bill was not subject to the respondents' demurrer, and, if the amendment was not in when the demurrer was considered, it should have been allowed after the ruling on the demurrer. Moreover, the bill before and after amendment showed that the complainant did have such an interest in the land as would authorize him to seek a partition of the land or a sale thereof in case it could not be equitably divided.

The decree of the chancery court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS JJ., concur.