## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## PHILLIPS & OTHERS v. DULANY & OTHERS.

### March 13, 1913.

1. PARTITION—*Lessees—Code, Section 2568—Lease by One Co-Tenant.*
   Section 2568 of the Code protecting lessees of land subject to
   partition only applies when the lessee claims under a valid lease
   against all of the joint owners, and not where only a part of
   the tenants in common undertook to lease a particular portion
   of the joint property. Such lease is not binding on the other
   tenants in common. If, upon partition, the portion leased falls
   in severality to the party making the lease he will be bound by
   his act. But such lessee cannot control or affect the partition
   by reason of his lease, and, further than to make him a party to
   the proceedings along with his lessor, may be entirely disre-
   garded.

2. PARTITION—*Procedure—Division by Master in Chancery.*—While the
   more usual practice in suits for partition is for the court to
   appoint five commissioners (any three of whom may act) to
   make partition, no restrictions or limitations are placed upon
   courts of equity under the present statute (Code, section 2562)
   in the matter of procedure, but they are left free to adopt such
   method as may be best suited to meet the exigencies of the par-
   ticular case. Any instrumentality that the court may call to its
   assistance, whether it be a master in chancery or a special board
   of commissioners, is advisory merely. The question must at last
   be left to the determination of the court upon the law and the
   evidence.

3. APPEAL AND ERROR—*Partition by Master.*—Where substantial justice
   has been done in making a partition of land, this court will not
   set aside the decree of the chancellor merely because he has seen
   fit primarily to invoke the aid of a master in chancery rather
   than a board of commissioners to lay the case before him.

4. PARTITION—*Assigning Shares Together—Waiver.*—The objection that
   the commissioner laid off the shares of two tenants in common
   together without their consent, if otherwise well taken, is met by
   their refusal to accept the court's offer to have the allotment
   subdivided between them.

5. PARTITION—*Assigning Shares Together—Code, Section 2563.*—Section 2563 of the Code does not forbid the assignment of the shares of two co-tenants together, but gives "any two or more of the parties, if they so elect" the right to "have their shares laid off together when partition can be conveniently made in this way."

Appeal from a decree of the Circuit Court of Alexandria county. Decree for the complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*C. E. Nicol,* for the appellants.

*Moore, Barbour, Keith & McCandlish,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The appellees, H. R. Dulany, Frank Lyon and R. W. Moore, filed their bill under Virginia Code 1904, chapter 114, against the appellant, R. H. Phillips and R. A. Phillips (who died since the final decree), to compel partition of five and three-fourths acres of land in Alexandria county, Va., owned by the parties as tenants in common. The appellees owned one-third of the land and the Phillipses two-thirds.

The first assignment of error is to the court's action in overruling the demurrer to the bill.

In addition to the usual allegations, the bill set forth that certain lessees claimed possession of portions of the land under recorded leases from R. A. Phillips and R. H. Phillips; and the ground of demurrer is that the bill does not allege that the land could be partitioned in kind so as to respond to the rights of the said lessees in said land under section 2568 of the Code.

Section 2568 provides: "Any person who, before the partition or sale, was lessee of any of the lands divided or sold shall hold the same of him to whom such land is allotted or sold on the same terms on which by his lease he held it before the partition."

The above section applies when the lessee claims under a valid lease against all of the joint owners, and not to a case like the present where only two of the tenants in common undertook to lease a particular portion of the joint property. Such lease is not binding upon the other tenants in common. *Robinett* v. *Preston's Heirs,* 2 Rob. (41 Va.) 273; *Cox* v. *McMullin,* 14 Gratt. (55 Va.) 82.

The latter case lays down the principle that "Although a party holding in common with others can do nothing to impair or vary in the slightest degree the rights of his co-tenants, yet if he execute a deed for a specific portion of the common subject, or make a contract in regard to it, and upon partition such portion falls in severalty to the party so making the deed or contract, he will be bound by his act."

In *Stark* v. *Barrett,* 15 Cal. 370, Judge Field, in discussing the effect of such conveyance or contract upon a co-tenant, cites with approval the Virginia decisions, and says: "The partition may be directed without reference to the grantees under the conveyance further than to make them parties to the proceedings in partition in connection with their original grantor as representing his interest as original co-tenant. Their claim to control or affect the partition by reason of their respective conveyances may be entirely disregarded. The grantees are to be considered as taking their conveyances subject to this condition."

If there were merit in the point, which we think there is not, it is sufficient to add that the lessees, the parties affected, are not complaining. The demurrer was properly overruled.

The next assignment of error that we shall notice, and the one seemingly most relied on, involves a question of procedure. The court directed one of its commissioners in chancery, among other matters, to ascertain and report "Whether or not the tract of land in the bill and proceedings mentioned is capable of partition in kind, among those. entitled thereto, and that, if so, he report a partition thereof which will best subserve the interests of those entitled, regard being had to quality as well as quantity, laying off the interests of the complainants in a single lot, if that be practicable without undue prejudice to the other owners."

Upon this inquiry the commissioner reported that the land was susceptible of convenient partition in kind and that the shares of the complainants could be laid off together without prejudice to the other owners. He also filed with his report a plat showing a partition of the land among the owners, which he says he "is informed was agreed to by the parties in interest, and in the opinion of your commissioner it is a fair partition. The interest which was agreed to be accepted by the complainants is, in the opinion of the commissioner, the least valuable on account of having the least area, but they have agreed to accept this property; that is, parcels 3 and 4, and your commissioner recommends that said parcels 3 and 4 be decreed to complainants, and that parcels 1 and 2 be decreed to the defendants, R. A. and R. H. Phillips." Phillips, however, denies that he agreed to the partition.

The more usual practice in suits for partition is for the court to appoint five commissioners (any three of whom may act) to make partition. These commissioners are sworn, and may view the land to be partitioned, call to their aid the services of a surveyor, and examine witnesses. They make their report in writing, and generally should return with it a survey and plat showing the metes and

bounds of the property and the several allotments. The Acts of 1830-'31, p. 99, required the appointment of such commissioners and the revisors of the Code of 1849 reported a provision retaining commissioners, but simplifying, in other respects, the procedure formerly required in suits for partition. (See Report of Revisors, p. 640, ch. 124, sec. 4.) But that provision was stricken out by the legislature (Code 1849, ch. 124, p. 526), and there is no such requirement in the present statute. Virginia Code 1904, sec. 2562.

The common law procedure to coerce partition between joint tenants and tenants in common was for the sheriff to summon a jury under a writ *de partitioni facienda* to make the partition; and such was the provision of former statutes in Virginia. But in practice that method was almost completely superseded by the concurrent remedy by bill in equity. 2 Min. Inst. (2nd ed.), p. 415. At present our law courts exercise no such jurisdiction (Report of Revisors, p. 640, note to sec. 1), but jurisdiction in cases of partition is now lodged in courts "having general equity jurisdiction." Sec. 2562. The jurisdiction thus bestowed places no restrictions or limitations on courts of equity in the matter of procedure, but leaves them free to adopt such method as may be best suited to meet the exigencies of the particular case.

In *Stevens* v. *McCormick*, 90 Va. 735, 19 S. E. 742, Lewis, P., at p. 737, says: "The question has also been raised as to the proper method of ascertaining in a suit for partition whether or not the land can be conveniently divided, the statute being silent on the subject. The appellant insists that the usual and correct practice is to appoint not less than five commissioners to go upon the land (any three of whom may act) and to report their views on the subject to the court. This was not done in the present case, but the matter was referred to the master, whose report

was confirmed. In *Zircle* v. *McCue*, 26 Gratt. 532, Judge Staples, speaking for the court, said that to warrant a decree for a sale it must appear that partition cannot be conveniently made, and that the interests of the parties will be promoted by a sale, but that these facts need not appear from the report of commissioners, or by the depositions of witnesses. It is sufficient, he added, if the facts appearing in the record reasonably warrant the decree of sale. In other words, the matter of procedure is left to the discretion of the court."

In such case, any instrumentality that the court may call to its assistance, whether it be a master in chancery, or a special board of commissioners, is advisory merely. The question must at last be left to the determination of the court upon the law and the evidence.

In 30 Cyc. 254, it is said that the duties ordinarily performed by commissioners are sometimes assigned to masters in chancery.

In *Clarke* v. *Clayton*, 2 Gifford 333, 6 Jur. N. S. 1238, 3 L. T. Rep. N. S. 176, 66 Eng. Reprint 139, it is said "that the court will not in general direct a commission, but will declare that the estate ought to be divided, with liberty to the parties to bring before the judge at chambers proposals for a partition."

But whatever may be said generally of the relative merits of these various methods of procedure, in this case the evidence leaves no room for doubt that substantial justice has been done, and to set aside the decree merely because the chancellor has seen fit primarily to invoke the aid of a master in chancery rather than a board of commissioners to lay the case before him, would be such a mockery of justice as to bring the courts into contempt.

The subordinate assignments of error are without merit. (1) The exception that the commissioner laid off the shares of R. A. and R. H. Phillips together without their consent,

if otherwise well taken, is met by their refusal to accept the court's offer to have the allotment subdivided between them.  If such had been their desire it would only have been necessary to have notified the commissioner before he filed his report, or to have called the court's attention to it afterwards.  Section 2563 does not forbid the assignment of the shares of two co-tenants together, but gives "any two or more of the parties, if they so elect," the right to "have their shares laid off together when partition can be conveniently made in that way."  (2) The exception that neither the report nor the plat of the commissioner shows of whom the lessees will be tenants comes not from the lessees, who are not complaining of the decree, but from the Phillipses.  It was made four days after the case was argued and submitted, and the exceptants declined to avail themselves of the court's offer to refer the matter to a commissioner to locate the lines of the several leases.  And (3) it is said " . . . there is no provision of law splitting leases."  We again observe that this complaint does not come from the lessees; but, moreover, there is no evidence that any of the leases will have to be split.

These conclusions make it unnecessary to notice the cross assignments of error by the appellees.

The decree of the circuit court is plainly right and must be affirmed.

*Affirmed.*