(118 So. 174)

**HENRY et al. v. WHITE et al.** (5 Div. 996.)

Supreme Court of Alabama.    June 14, 1928.

Rehearing Denied Oct. 11, 1928.

Albert Hooton, of Dadeville, and J. Sanford Mullins, of Alexander City, for appellees.

Jas. W. Strother, of Dadeville, for appellants.

SAYRE, J.    Appellees filed the bill for a sale of lands for division in lieu of partition, averring that they "are the owners of an undivided .3863, or each an undivided .19315 interest in all of the timber suitable for sawmill, planing, and shingle purposes or which can be manufactured in any way, on the following described real estate," describing lands in Tallapoosa county " * * * together with the following rights and privileges: That complainants J. L. White and B. J. White shall have a period of five years from the 10th day of September, 1927, to cut and remove the said timber from the above-described lands, and to exercise all other privileges and rights granted to them in that certain timber deed executed by Joel A. Smith and wife, F. H. Smith, conveying said timber to complainants." No objection is taken to this method of averring the interest of complainants in the land; we cannot assume limitations upon the estate of complainants other than those shown by the quoted averments of the complaint; we there-

fore proceed upon the assumption that complainants are the owners in fee of an estate in the timber which, under our decisions, now of too long standing to be disturbed, is an estate in the land upon which the timber grows, notwithstanding the limitation of five years in which the timber is to be removed. Heflin v. Bingham, 56 Ala. 574, 28 Am. Rep. 776; Zimmerman v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Rothchild v. Bay City Lumber Co., 139 Ala. 571, 36 So. 785; Harrell v. Mason, 170 Ala. 282, 54 So. 105, Ann. Cas. 1912D, 585; Smythe Lumber Co. v. Austin, 162 Ala. 110, 49 So. 875; Shepard v. Mt. Vernon Co., 192 Ala. 322, 68 So. 880, 15 A. L. R. 23; Pierce Development Co. v. A. Vere Martin (Ala. Sup.) 117 So. 312.[1] There are other cases to the same effect. But we note the averments of the bill to the effect that some of the parties defendant own interests in the said lands and the timber thereon. In other words, some owners of interests in the lands have not disposed of their timber rights, thus presenting a case not to be distinguished from the case considered in Harrell v. Mason, supra.

Complainants are the owners of a present interest; that is, they are entitled to participate in the present use of the land or in the proceeds of a sale of it. Fitts v. Craddock, 144 Ala. 437, 39 So. 506, 113 Am. St. Rep. 53; Fies v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St. Rep. 57; Chapman v. York, 208 Ala. 274, 94 So. 90. They are therefore entitled to partition, or, if that may not be fairly made, then to a sale in lieu of partition. Cases cited last above. The court is unwilling to overturn the decisions in these cases which have established a rule of property. It follows that the main reliance of appellants on this appeal can avail them nothing. Complainants, having a present interest in the land, are, notwithstanding the difficulties which may attend upon a partition or a sale for division, entitled to the relief prayed. Harrell v. Mason, and Shepard v. Mt. Vernon Co., supra. We may add that with the case stated in the bill section 6956 of the Code has nothing to do.

A further objection to the bill is that the necessity for a sale in lieu of partition is averred as a mere conclusion. The substance of the averment is that "the said lands * * * and the timber thereon cannot be fairly and equitably divided or partitioned among the joint owners thereof without a sale." The averment of the separate interests of the several owners is enough to justify the stated conclusion. But, aside from that, the court has held on several occasions that averments substantially equivalent to that of the present bill sufficiently presented a case of equitable cognizance. Carson v. Sleigh, 201 Ala. 375, 78 So. 229; Smith v. Witcher, 180 Ala. 102, 60 So. 391; McEvoy v. Leonard, 89 Ala. 455, 8 So. 40.

As for the attorney's fee claimed in the bill, that matter will properly arise at a later stage of the cause. Smith v. Witcher, supra.

The decree overruling appellants' demurrer to the bill must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.