200 So. 411

**LITTLEDALE et al. v. BRUSH.**

**6 Div. 767.**

Supreme Court of Alabama.

Jan. 16, 1941.

Rehearing Denied Feb. 27, 1941.

Griffith & Entrekin, of Cullman, for appellants.

St. John & St. John, of Cullman, for appellee.

**GARDNER, Chief Justice.**

The bill seeks a sale of the 160 acres of land therein described for division among tenants in common, and from a final decree awarding relief sought defendants prosecute this appeal.

The land originally was owned by the three sisters, parties defendants to this bill; Mrs. Littledale owning an undivided five-seventh interest, Mrs. Elliott and Mrs. Thompson owning a one-seventh interest each.

Mrs. Elliott, prior to the institution of this suit, for a recited consideration of $400 conveyed to complainant, N. A. Brush, an undivided one-seventh interest in and to the timber situated on this 160 acres. That there can be no equitable division so as to permit complainant to realize upon his timber interest without a sale of the land is not questioned, either in the pleadings or proof.

That complainant, under circumstances here disclosed, is entitled to a sale of the land for division among the joint owners was determined by this Court in Harrell v. Mason et al., 170 Ala. 282, 54 So. 105, Ann.Cas.1912D, 585. See also 47 C.J. 291, Sec. 55. Counsel for defendants appear to assume this authority was qualified by the later case of Shepard v. Mount Vernon Lumber Co., 192 Ala. 322, 68 So. 880, 15 A.L.R. 23. But a careful reading of this latter authority will disclose that the integrity of the holding in the Mason case was not disturbed and the two cases were plainly differentiated. And in Henry et al. v. White et al., 218 Ala. 175, 118 So. 174, the Mason case was cited and reapproved.

Complainant, when he purchased this timber interest, had a right to rely upon these authorities and as establishing a rule of property not now to be disturbed. Henry et al. v. White et al., supra.

Defendants appear to lay much stress, both in the pleadings and in the proof, upon the inconvenience that would result to them from a sale of the land, particularly to Mrs. Littledale who contemplates moving upon the land from a standpoint of health improvement and in co-operation with her sister, Mrs. Thompson, erecting and operating a tourist camp. But all of this is immaterial.

"The right to sell for division is conditioned upon averment and proof that the property cannot be equitably divided in kind. When this condition appears, the right to sell for division is a matter of right". Chambliss et al. v. Derrick et al., 216 Ala. 49, 112 So. 330, 332.

It appears, therefore, that the decree granting complainant relief is free from error and is accordingly here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.