# CIRCUIT COURT OF LEE COUNTY

Bluefield Timber, L.L.C.

v.

Harlan Lee Land, L.L.C., et al.

November 22, 2006

Case No. CH0503-179-00

BY JUDGE JOHN C. KILGORE

Following an *ore tenus* hearing and a review of the pleadings and memoranda of counsel, the Court makes the following findings of fact and conclusions of law.

Complainant, Bluefield Timber, L.L.C. ("Bluefield") filed a complaint seeking an in kind partition of timber interests owned jointly by Bluefield and respondents pursuant to Virginia Code § 8.01-81. Bluefield acquired an undivided 60% interest in the standing timber situated on the subject tract by deeds dated September 29, 2000, from PLC Timber, L.L.C..

Respondents Harlan Lee Land, L.L.C., et al., ("Harlan Respondents") own an undivided fee simple interest in 40% of the subject tract. The respondents are Harlan Lee Lane, L.L.C., which owns an undivided 20% fee simple interest; Darrell G. Barnwell, who owns an undivided 8.4% fee simple interest; Stephanie Barnwell McCarty and Billy Barnwell, joint owners of an undivided 3.3% fee simple interest; Carolyn B. Petrey, who owns an undivided 8.3% fee simple interest. These respondents are hereinafter referred to collectively as the "Harlan Respondents" as they are unified in their opposition to the partition requested by petitioner, Bluefield Timber. Ark Land Company, which owns an undivided 60% interest in the surface and minerals, excluding the timber interest, also opposes the partition requested by the petitioner. Ark Land Company ("Ark") owns an

undivided interest in the remaining 60% interest in the surface, excluding the timber interest and the oil and gas rights.

Ark conveyed its 60% timber interest in the tract to a Bluefield predecessor in title. Thus, the title to the subject tract is represented as follows:

|  |  |
|---|---|
| Harlan Respondents | Undivided 40% fee simple |
| Ark Land Co. | Undivided 60% surface and mineral interest |
| Bluefield | Undivided 60% timber interest only |

There is no allegation that the timber interest owned by the Harlan Respondents has ever been severed from the fee simple interest in the tract.

Bluefield's complaint seeks partition in kind of its 60% timber interest from the remaining 40% of the timber interest of the Harlan Respondents. In the alternative, Bluefield requests that the Court allot the entire timber interest in the tract to Bluefield for harvest and sale and order Bluefield to pay the Harlan Respondents such money as their interest in timber entitles them.

The Harlan Respondents filed a motion to dismiss for lack of jurisdiction. This motion rests upon the argument that a party moving for partition under Virginia Code § 8.01-81 must initially plead and prove cotenancy to establish the Court's jurisdiction. Virginia Code § 8.01-81 provides in pertinent part:

> Tenants in common, joint tenants, executors with the power to sell, and coparceners of real property, including mineral rights east and south of the Clinch River, shall be compellable to make partition and may compel partition. … Any Court having general equity jurisdiction shall have jurisdiction in cases of partition. …

Tenants in common hold the same land together by several and distinct titles, but by unity of possession, because none knows his own severalty, and therefore they all occupy promiscuously. *Black's Law Dictionary* 1466 (6th ed. 1990). Cotenancy refers to a tenancy by several distinct titles but by unity of possession, or any joint ownership or common interest with its grantor. The term comprises both tenancy in common and joint tenancy. *Blacks Law Dictionary* 347 (6th ed. 1990).

Bluefield's complaint alleges cotenancy exists between the parties on the basis of Bluefield's 60% undivided share of the timber interest held jointly with the Harlan Respondents' 40% undivided share of the timber interest.

Bluefield contends that, since both Bluefield and the Harlan Respondents have undivided ownership interest in all of the timber on the property, a cotenancy *must* exist.

Bluefield relies upon the Virginia Supreme Court decision in *Virginia Coal and Iron Co. v. Richmond and Clinchfield Coal Corp.*, 128 Va. 258 (1920), for the proposition that "a conveyance by less than all the joint tenants [in an interest less than fee simple] in this case mineral interest, does not effect a severance of the mineral interest from the surface, but makes the grantee, if he be a stranger, a tenant in common with the joint tenants who did not unite in the conveyance." Citing *Virginia Coal and Iron Co. v. Hylton*, 115 Va. 418 (1913).

However, as the Harlan Respondents correctly note, the question presented in *Virginia Coal* turned upon a determination whether the mineral interest in the subject tract had been severed from the surface so as to prevent adverse possession against the owner of a portion of the mineral estate by a party claiming adverse possession under a deed purportedly conveying a fee simple interest to the tract. The Court ruled that a conveyance by one cotenant of an undivided interest in only the mineral rights did not sever the entire mineral estate from the surface estate, and thus, did not prevent the non-conveying owner of the undivided fee simple interest from adversely possessing the mineral interest of his cotenant's grantee. In fact, the next paragraph in *Virginia Coal* states: "While a joint tenant has capacity to transfer his undivided share in the land, he has no right to convey by metes and bounds any part of the land, or to convey the mineral and reserve the surface to the prejudice of his co-owners." *Virginia Coal and Iron Co. v. Richmond and Clinchfield Coal Corp.*, 128 Va. 258, 269.

Apparently, the issue presented in the case at bar has not been previously addressed by the Virginia Supreme Court. In light of this, the Harlan Respondents invite this Court to review and consider numerous decisions of foreign supreme courts as persuasive authority in support of their motion to dismiss for lack of jurisdiction.

At base, the question presented is whether Bluefield, owning only a portion of the undivided timber interest in the subject tract, is a tenant in common with the Harlan Respondents, who own an undivided fee simple interest in the tract. As a tenant in common, Bluefield could proceed under Virginia Code § 8.01-81 and seek partition of the undivided timber interest. If Bluefield's timber interest fails to qualify it as a tenant in common in the property, the Harlan Respondent's motion to dismiss is well taken.

In the absence of any controlling Virginia authority, the pronouncements of other state supreme courts on the issue in question may be instructive. The Harlan Respondents cite Supreme Court decisions of Alabama and Louisiana,

which they argue are both on point and persuasive. Harlan Respondents also rely upon decisions of the Illinois and Kentucky appellate courts concerning partition of mineral interests as being analogous to the case at bar.

The Louisiana Supreme Court decided the issue in *Buckner-Harmon Wood Contractor v. Norris*, 91 So. 2d 594 (La. 1956), a case presenting an extremely similar factual situation. In *Buckner*, the plaintiff, owner of an undivided interest in timber, sought partition of his timber interest from defendants who owned an undivided 1/11th timber interest coupled with a 1/11th interest in the surface. 91 So. 2d 595. The court affirmed the trial court's dismissal of plaintiff's partition suit on the ground that an owner of an undivided timber interest is not a tenant in common with an owner of an undivided timber interest who also owns an undivided interest in the surface. *Id.* at 596. The court reasoned that a party may not hold solely the timber interests in a tract as a tenant in common unless the timber interest has been entirely separated from the surface estate.

> [T]he mere separation in ownership of an undivided interest in land and timber will not entitle the purchaser of the timber interest to a partition unless there has been a complete segregation of the ownership of the land and timber by all those having an undivided interest in the land for the estate of the timber owner is not of the same quality as that of the land (and timber) owner, and he cannot be characterized as a holder in common of the timber with the land (and timber) owner.

*Id.* at 596. The court proceeded to affirm the trial court's dismissal of the partition suit holding that providing relief to the owners of solely an estate in timber could not be accomplished without doing injury to the vested fee simple rights of the defendants. *Id.* at 596.

In *Shepard v. Mt. Vernon Lumber Co.*, 68 So. 880 (Ala. 1915), the Supreme Court of Alabama, interpreting its partition statute which required only joint ownership in the subject tract, held that a lumber company owning the entire interest in the standing timber could not establish unity of possession or right to possession with the owner of the entire surface and, thus, the parties were not cotenants under the partition statute. 68 So. 882. The court distinguished its ruling in *Shepard* from its previous decision in *Harrell v. Mason*, 54 So. 105 (Ala. 1912).

In *Harrell*, the court held that a conveyance by one cotenant, holding a fee simple interest, of his undivided timber interest was effectual between the parties to the conveyance, but ineffectual to prejudice any rights of the

grantor's cotenants in fee simple interest. *Harrell*, 54 So. at 106, citing *O'Neal v. Cooper*, 67 So. 689, 690. Thus, when presented with a nearly identical factual situation as found in the instant case, the Alabama Supreme Court granted a partition or sale for division in the form of equitable relief to the owner of an undivided interest in timber. *Harrell*, 54 So. 106-07. It should be noted that the equitable relief afforded the timber interest holder in *Harrell* was subject to the limitation that the rights of the cotenants in fee simple would not be prejudiced. *Id.* at 106.

The *Shepard* decision emphatically restricted its own decision in ·*Harrell* and clearly ruled that an owner of only an undivided interest in timber is not an actual tenant in common with the owner of an undivided interest in the surface coupled with an undivided interest in the timber (or stated otherwise, the fee simple owner) by stating that:

> this equity is not predicated of any relation of cotenancy enjoyed by the grantee, for none he has; on the contrary, it is the recognition and enforcement, without prejudice to the rights or interest of the grantor's cotenant, of a right growing out of the cotenant's conveyance and clothing him with the conveying cotenant's right to have partition or a sale for division, subject to the limitation that the rights of the cotenants be not prejudiced thereby. When the *Harrell-Mason* decision is referred to that right in the conveying cotenant's grantee (Harrell), it is sound; otherwise, it would be in conflict with the long-established rule that cotenancy cannot exist without unity of possession or of right to possession. The· conveyance to Harrell did not purport to invest him with any interest in the land as such. He was not a cotenant, in any sense.

*Shepard*, 68 So. at 883.

Thus, the Alabama rule, first enunciated in *Harrell*, may be stated that a cotenant's grantee of an undivided portion of the timber interest in the entire tract may seek partition of his interest subject to the qualification that the non-conveying cotenant's undivided interest in fee simple is not prejudiced. See also *O'Neal v.· Cooper*, 191 Ala. 182, 67 So. 689 (1914) (reaching the same result and referring to the grantee's interest as the "special" tract); citing *Stark v. Barnett*, 15 Cal. 361 (1860).

The *Harrell* decision was reaffirmed and cited as controlling the case of *Littledale v. Brush*, 240 Ala. 566, 200 So. 411 (1941). In *Littledale*, one tenant in common holding an undivided one-seventh interest in fee simple conveyed

her timber interest to the complainant. The complainant then filed a bill seeking partition for division of the entire tract among the tenants in common. *Littledale*, 200 So. at 411. The court, citing *Harrell*, affirmed the trial court's decree granting the complainant a right to partition of the tract. *Id.* at 411-12. Therefore, the Harlan Respondents' reliance upon Alabama precedent as being in support of its motion to dismiss Bluefield's petition in the case at bar is misplaced.

The Harlan Respondents also rely upon decisions of foreign courts on the issue of partition of mineral rights as being analogous to the instant case. In *Dunn v. Patton*, 718 N.E.2d 261 (Ill. App. 1999), the plaintiff filed a complaint to partition his undivided one-half interest in mineral rights from defendant's undivided one-half interest in minerals coupled with the entire interest in the surface of the property. The trial court dismissed the complaint and the appellate court affirmed. On appeal, the court held that the owner of an undivided one-half interest in minerals was not a tenant in common with the owner of an undivided one-half interest in minerals as well as the entirety of the surface. *Dunn*, 718 N.E.2d at 268. The court reasoned that the parties occupied separate estates in the property because the defendants held the entire surface interest coupled with one-half the mineral interests as a single estate, while plaintiff held only an interest in the distinct mineral estate. *Id.* at 268, citing *Brand v. Consolidated Coal Co.*, 76 N.E.2d 849 (1906). Thus, the plaintiff did not have the right to occupy the whole of defendants' estate and was, therefore, not a tenant in common with the defendants. *Id.* at 268. The court denied plaintiff the status of tenant in common, owing to a lack of complete severance of the mineral rights from the surface rights in the property, and held plaintiff's partition action to be barred as a matter of law. *Id.* at 268.

Similarly, the Harlan Respondents rely on *Terteling Brothers, Inc. v. Bennett*, 287 S.W.2d 607 (Ky. App. 1956), in which the Kentucky Appellate Court reviewed and clarified its previous decisions concerning partition of mineral interests. In its ruling, the court permitted a partition suit brought by the owner of the surface coupled with an undivided one-half mineral interest in the property against the owner of only an undivided one-half mineral interest. The Kentucky partition statute required only that the subject property be jointly held with the owners having vested possessory estates. *Terteling*, 287 S.W.2d at 609-10. The court found that the plaintiffs satisfied both of these statutory jurisdictional elements for partition.

In reaching its decision in *Terteling*, the court distinguished the case of *Ball v. Clark*, 150 Ky. 383, 150 S.W. 359. In *Ball*, the partition was sought "at the instance of the person whose interest was confined solely to the mineral

tract against the owner of the surface." Despite this significantly lower statutory threshold for jurisdiction to seek partition, the court denied partition citing the common law prohibition against one cotenant impairing his other cotenant's interest in their property by a fractional conveyance of an interest in minerals. *Id.* at 610.

In granting partition on the facts presented, the *Terteling* court did not abandon or overturn the reasoning of the *Ball* case. The *Terteling* court, mindful of the "favored" right of a joint owner in the minerals to a partition, emphasized the rights of the surface owner who also holds a portion of the mineral interests and the protection of those rights from violation by the owner of an undivided interest in the minerals. *Id.* at 610. The court reaffirmed this rule in the case of *Dawson Daylight Coal Co. v. Beshear*, 287 S.W.2d 925 (1956), in holding:

> The question presented in this case is whether the owner of an undivided interest in the minerals under a tract of land may maintain an action under [the partition statute] for the sale of all the minerals and division of the proceeds against joint owners of the minerals who also own the surface in fee.
>
> Both parties to this appeal cite and rely, to a certain extent, upon *Ball v. Clark*, 150 Ky. 383, 150 S.W. 359, and the rules of law affirmed and announced therein. In *Terteling Brothers, Inc. v. Bennett, Ky.*, 287 S.W.2d 607, this court discussed at length the *Ball* case and some of the subsequent opinions which had relied upon it. It was recognized that, in the *Ball* case, the court had approved the rule that one cotenant cannot, by conveying an interest in minerals to a stranger, create a new tenancy in common between his co-owner and the stranger to whom the minerals were conveyed. But the court pointed out in the *Ball* case, and in subsequent cases, the actual facts of the cases had inclined the court to a position in protection of the surface owner's rights. The court ruled (in the *Terteling Brothers* case) that the owner of the surface rights could maintain a suit for partition against a person who was co-owner of the mineral rights lying under that surface, but indicated that the cotenant in the mineral estate would have no such right if he sought to act against the will of the surface owner.
>
> In the case at bar, a joint owner of the mineral tract seeks to sell property of a joint owner who also owns the surface

rights. As we indicated in the *Terteling Brothers* case, this may not properly be done.

The decisions in *Terteling* and *Dawson Daylight* clearly established a rule of Kentucky property law that a partition of undivided mineral interest is an available remedy to the owner of the surface coupled with a portion of the undivided mineral interest. Partition is not a remedy available to a holder of an undivided mineral interest seeking to sever that interest from those of an owner of the surface who also owns the remaining undivided mineral interest. *Id.* at 610.

In the instant case, the Harlan Respondents' motion to dismiss due to lack of jurisdiction rests upon the assertion that Bluefield is not a tenant in common with the Harlan Respondents. On its face, this assertion is supported by the facts. Bluefield, as the owner of only an undivided timber interest in the subject tract, cannot establish unity of possession and does not possess an estate equal to that of the Harlan Respondents, who are each owners of an undivided fee simple interest in the subject tract. The interests in the parcel now consist of three separate and distinct estates: Bluefield's undivided interest in 60% of the timber; Ark's 60% undivided interest in the surface; and Harlan Respondents' 40% interest in the fee simple. Under these facts, Bluefield is not technically a tenant in common with the Harlan Respondents.

To reach the opposite conclusion would result in a rule of partition that permitted Bluefield, as an owner of only an undivided interest in timber, to force an involuntary severance of the timber interest from the fee simple estate of the Harlan Respondents. This is precisely what Bluefield now seeks in its complaint. Should the Court allow such partition to proceed and later determine an in kind partition cannot be effectuated, Bluefield, as an actual tenant in common, would then be entitled to resort to a sale and division of proceeds of the entirety of the timber on the subject tract. This outcome is obviously anticipated and sought by Bluefield's request for relief as stated in its complaint. Such a result would undoubtedly constitute an improper infringement upon the non-conveying cotenants', the Harlan Respondents', undivided fee simple interests to the subject tract.

Further, as the grantee of one cotenant of an undivided portion of that cotenant's estate (i.e., the timber interest), Bluefield can acquire no greater interest in the interest conveyed than that held by his grantor, Ark. Ark, as a cotenant prior to the conveyance to Bluefield, obviously had no right to seek partition of only the timber interest, or any surface portion by metes and bounds, from the whole of the tract they then held in common with the Harlan Respondents. Ark's right to partition would have been to a partition of the

entire interest then held in common between Ark and the Harlan Respondents. See *Highland Park Mfg. Co. v. Steele*, 235 F. 465, 470 (4th Cir. 1916).

Although Bluefield is not a tenant in common with the Harlan Respondents in the technical and literal meaning of the term, the law of Virginia as well as that of a majority of jurisdictions[1] recognizes Bluefield's undivided interest in the timber estate by treating Bluefield as a qualified or equitable tenant in common with the Harlan Respondents. This recognition is found in, and this conclusion is supported by, the Virginia Supreme Court decisions in *Virginia Coal and Iron Co. v. Richmond*, 128 Va. 258 (1920) (cited by Bluefield in its brief), and by analogy in *Phillips v. Dulaney*, 114 Va. 681, 77 S.E. 449 (1913).

*Virginia Coal* is accurately cited by Bluefield for the proposition that a conveyance by one cotenant of the fee simple of his mineral interest is not a void conveyance, but where such conveyance operates to pass the undivided interest to a non-cotenant, the grantee becomes a tenant in common with his grantor's cotenants. *Virginia Coal*, 128 Va. 258, 269; citing *Robinett v. Preston's Heirs*, 41 Va. (2 Rob.) 273 (1843); *Adams v. Briggs Iron Co.*, 61 Mass. 361 (1851). However, the *Virginia Coal* decision qualifies or limits the nature of the tenancy in common it confers upon the grantee of a cotenant. The rights of the cotenant's grantee are qualified or limited by the express recognition that, although a cotenant may convey an undivided portion (in this case the timber interest) of his undivided interest in the fee simple estate, the conveyance may not prejudice his cotenants who do not join in the conveyance. *Id.*

This qualified or equitable tenancy in common was apparently first recognized and established in the Virginia Supreme Court's decision in *Robinett v. Preston's Heirs*, 41 Va. (2 Rob.) 273, 278. In *Robinett*, the court departed from the common law rule that a conveyance by a cotenant of a specific parcel of the land jointly held was absolutely void, both as to the grantor cotenants as well as the non-conveying cotenants. *Id.* at 277. The court held that such a conveyance, though possibly ineffectual to pass the particular tract as against the grantor's cotenant, was effectual against the grantor and strangers to the cotenancy to pass the interest of the grantor to the tract to the extent of the interest conveyed. *Id.* at 278. The court, in support of this conclusion, adopted the reasoning of the Massachusetts Supreme Court in *Varnum v. Abbot*, 12 Mass. 474, that:

---

[1] See *Highland Park v. Steele*, 235 F. 465 (4th Cir. 1916), containing a thorough discussion of the majority and minority views on this issue.

> If upon a partition the share assigned to the (non-conveying) cotenant does include the part conveyed, the (non-conveying) cotenant has got all he had a right to, and the grantor cannot be permitted to deny his deed.

*Robinett*, at 277, cited with approval in the subsequent Virginia Supreme Court decision in *McKee v. Barley*, 52 Va. (11 Gratt.) 340, 346 (1854). See *Adams v. The Briggs Iron Co.*, 61 Mass. 361 (1851) (reaching the opposite conclusion based upon the conveyance being held void).

In the case of *Phillips v. Dulaney*, the Virginia Supreme Court held that leases executed by two of three cotenants to a third party were not binding upon the other tenant in common who had not joined in the lease. *Phillips*, 114 Va. 681, 683, citing *Robinett v. Preston's Heirs*, 41 Va. (2 Rob.) 273; *Cox v. McMullin*, 55 Va. (14 Gratt.) 82 (1857). The court in *Phillips* adopted the reasoning in *Cox v. McMullin*:

> Although a party holding in common with others can do nothing to impair or vary in the slightest degree the rights of his cotenants, yet if he executes a deed for a specific portion of the common subject, or make a contract in regard to it, and upon partition such portion falls in severalty to the party so making the deed or contract, he will be bound by his act.

*Phillips*, 114 Va. at 683.

In overruling the third-party lessor's demurrers to the partition suit, the *Phillips* court also cited and relied upon the reasoning of *Stark v. Barrett*, 15 Cal. 361 (1860). *Stark* involved a partition suit between cotenants in which the question presented related to the effect of a conveyance or contract undertaken by less than all cotenants of a portion of the jointly held property. *Stark v. Barrett*, 15 Cal. 361. The court cited with approval Virginia decisions and held:

> The partition may be directed without reference to the grantees under the conveyance further than to make them parties to the proceedings in partition in connection with their original grantor as representing his interest as original cotenant. Their claim to control or affect the partition by reason of their respective conveyances may be entirely disregarded. The grantees are to be considered as taking their conveyances subject to this condition.

*Stark v. Barrett*, 15 Cal. 361, 370, citing *Robinett v. Preston's Heirs*, 41 Va. (2 Rob.) 273, 277-78 (1843).

Thus, in the *Phillips* and *Cox* decisions, *supra*, the court applied and explained the "elementary" principle of property law that a cotenant may not impair the property interests of another cotenant. See also *Overby v. White*, 245 Va. 446, 448, 429 S.E.2d 17 (1993), cited with approval and applied. Based upon these Virginia decisions, the Court finds that Bluefield is to be considered a qualified or equitable tenant in common with Ark and the Harlan Respondents.

Thus, the question arises whether, as a qualified or equitable tenant in common, may Bluefield seek to compel partition, either pursuant to Virginia Code § 8.01-81 or in equity, of its undivided interest in timber from the separate estates held by the Harlan Respondents and Ark? It is arguable that Ark, by conveying its undivided interest in timber to Bluefield while a cotenant with the Harlan Respondents, created a situation in which neither Ark nor Bluefield could establish cotenancy and thus a right to compel partition of their interests from those held by the Harlan Respondents. However, the Court finds this result inequitable and unnecessary in light of the great latitude conferred upon a court in equity to adjust and protect the varied interest of the parties to a suit properly brought for partition.

In the instant case, it has been determined that Bluefield is a qualified or equitable tenant in common. Bluefield's title to the timber interest under which it seeks partition is not challenged by any of the respondents. Therefore, Bluefield is entitled, as a matter of right, to *seek* an equitable remedy of partition of its interest from those held by respondents, pursuant to Virginia Code § 8.01-81. *Wiseley v. Findlay*, 24 Va. (3 Rand.) 361, 365 (1825), but see 164 Mich. 87, 96, 128 N.W. 918, 921 (1910) (indicating an opposite result).

This conclusion is required by the equities of the case. The holding is based upon the view that it would be inequitable to deny Bluefield an opportunity to demonstrate that a partition of the entire property may be made, and its interest thereby realized, in the absence of any prejudice to the interest of the Harlan Respondents. Should Bluefield prove that such a partition is possible, no inequity could result as the Harlan Respondents would be in no different position than they would have been had their cotenant Ark, while a tenant in common of the fee simple estate, sought a partition in its own right. Thus, Bluefield shall be permitted to seek a partition of the subject tract by virtue and derivative of its grantor's, Ark, right to partition. If an in kind partition of all undivided interests in the subject tract may be had in the

absence of *any* prejudice to the interests of the Harlan Respondents, then Bluefield's interest in the timber may properly be considered, but only to that extent.

Therefore, it is adjudged, ordered, and decreed that the Harlan Respondents' motion to dismiss for lack of jurisdiction is denied on the grounds stated therein. Complainant Bluefield is granted leave to make such amendments to its complaint as it deems advisable in light of this opinion.