### JOHNSTON, Receiver, etc., *v.* ROE and others.

*(Circuit Court, E. D. Missouri.  April 9, 1880.)*

EQUITABLE JURISDICTION OF FEDERAL COURTS—STATUTE OF LIMITATIONS.—A federal court will assume equitable jurisdiction of a suit by a receiver of a bank against the estate of a decedent for the recovery of a debt alleged to have been fraudulently concealed, although the claim is barred by the statute of limitations of the state in which such court has territorial jurisdiction.

In Equity.  Demurrer to bill.

*John B. Henderson* and *Patrick & Frank,* for complainant.

*Glover & Shepley,* for respondents.

McCRARY, J.  The claim sued on originated in the execution of two promissory notes by John J. Roe, one dated February 28, 1867, for $65,000, and the other dated March 4, 1867, for $35,000, payable on call and to himself.  The fraud and breach of trust charged against said John J. Roe as a director of the National Bank of the State of Missouri, is alleged as having been committed on the fourteenth day of April, 1868, and consisted, as the bill avers, in certain entries upon the books of said bank made by said Roe, who was one of the directors, in collusion with the other directors of the bank.  It is averred that said notes, and other similar notes given by other directors, had been discounted by the bank and were held by it as part of the assets, and that on the date last named entries were fraudulently made upon

the books of the bank showing payment thereof, though no part of said notes, or either of them, except interest up to that time, had been paid, and no payment thereon has been since made. This of course makes, if true, a clear case of indebtedness from said Roe to the bank. The indebtedness, according to these allegations, accrued as early as the fourteenth day of April, 1868. John J. Roe died on the fourteenth day of February, 1870. His estate was administered upon under the laws of Missouri, and this claim was not proven before the probate court. Said estate has been fully administered by the administrator, and the administration closed. Certain real and personal property left by the deceased having passed to the defendants herein, as his heirs, this suit is intended to subject the same to the payment of the plaintiff's demand, the bill for this purpose having been filed on the seventeenth day of June, 1879.

It will thus be seen that the cause of action accrued nearly two years before the death of John J. Roe, and more than 10 years prior to the bringing of this suit, and is therefore barred by the statute of limitations of Missouri, (if that statute is to be followed here,) unless the plaintiff has taken the case out of the statute by the allegations of his bill concerning the concealment of the alleged fraud and its discovery. Upon this point the bill alleges, in substance, that the fraud complained of was concealed by the directors of the bank, (said John J. Roe, up the time of his death, being one of them,) in collusion with the cashier, whereby the said national bank, and its stockholders and creditors, were kept in ignorance of the facts until July 10, 1877, when the fraud was discovered by the complainant. It is further alleged that the claim here sued upon arises out of the breach of an express trust by the said John J. Roe and his associates, and for that reason said statute of limitations does not affect the complainant's right of recovery herein, and it is alleged generally "that, in consequence of said fraud, and the concealment thereof as aforesaid, the claim here sued upon is, in equity, excepted from the operation of the statute of limitations, in

order to prevent·such statute from operating as a fraud upon said bank, and your orator, as receiver thereof."

I am of the opinion that there is a sufficient averment in the bill of a fraudulent concealment of the cause of action, and the question, therefore, is whether, notwithstanding such concealment, the defendants can successfully plead the statute of limitations.

The statute of Missouri concerning administration requires the presentation of all claims against an estate within two years from the time of the publication of a notice of the administration to creditors, and it declares that "all demands not thus exhibited within two years shall be forever barred." There is a saving clause in favor of infants, persons of unsound mind, persons·imprisoned, and married women, but nothing is said as to cases of concealed fraud.  2 Wagner's St. 86, 102.

The general statute on the subject of the limitation of actions provides that, in an action for relief on the ground of fraud, the cause of action shall be deemed not to have accrued until the discovery of the fraud by the aggrieved party. · 1 Wag. 747.

It is earnestly contended, on behalf of the respondents, that, according to the construction placed by the supreme court of Missouri upon these statutes, the action is barred, notwithstanding the discovery of the fraud within two years.   Upon this subject counsel insist:

*First.* That the statute regulating the prosecution and collection of claims against an estate absolutely bars all demands not exhibited within two years, and that, since no exception is made by the statute itself in favor of demands growing out of concealed fraud, the court is not at liberty to engraft this exception upon the statute.

*Second.* That the general statute of limitations, which does contain a provision declaring that in actions on the ground of fraud the cause of action shall be deemed not to have accrued until discovery by the aggrieved party, does not apply to this case.

Upon the first proposition we are referred to *McKenzic* v.

*Hall, Adm'r,* 51 Mo. 303; *Richardson* v. *Harrison,* 36 Mo. 96; and, upon the second, to *Rogers* v. *Bronson,* 61 Mo. 187.

Without determining whether these authorities sustain the propositions stated, we turn to another inquiry, which necessarily requires prior consideration. Is it true that the courts of the United States are bound to follow, as rules of decision in equity cases, the statutes of limitation of the several states, and the construction given to them by the state judiciary? It is insisted that under the twenty-fourth section of the judiciary act (Rev. St. § 721) the statutes of limitation of the several states, where no special provision has been made by congress, form the rule of decision in the courts of the United States, and that the same effect is given to them as is given in the courts of the state. Such is undoubtedly the rule in cases at common law, and the statute, by its terms, applies to no other cases. I think it well settled that a federal court of equity is not bound by such statutes, and much less by the construction given to them by the state tribunals. In the exercise of the chancery jurisdiction conferred by the constitution and laws of the United States this court is not governed by the state practice. The supreme court has repeatedly decided that the rules governing the exercise of this jurisdiction are the same in all the states, and are according to the practice of courts of equity in the parent country, as contradistinguished from that of courts of law. The exercise of this jurisdiction is regulated by the act of 1792, (Rev. St. § 913,) which declares that the modes of proceeding shall be according to the principles, rules and usages which belong to courts of equity, as contradistinguished from courts of law. The rules of decision in equity cases in the federal courts are to be uniform, and in the exercise of their equity jurisdiction those courts are unaffected by state legislation. *Boyle* v. *Zachary,* 6 Pet. 658; *United States* v. *Howland,* 4 Wheat. 115; *Neves* v. *Scott,* 13 How. 271; *Noonan* v. *Lee,* 2 Black. 507; *Robinson* v. *Campbell,* 3 Wheat. 323.

The only question, therefore, is whether this court should, upon principle, adopt and follow the statute of limitations of Missouri as construed by the supreme court of that state.

If the interpretation given to the rulings of the supreme court of Missouri by the counsel for defendants is the true one, I do not hesitate to say that this court cannot follow those rulings. The statute, thus construed, would be in direct conflict with a well-settled rule of equity jurisprudence as understood and administered in the federal courts for many years. It would require this court to hold that, in a case where the demand happens to be against an estate, a party who has committed a fraud may consummate it beyond the possibility of remedy by concealing it. This seems to me to be a proposition that no court of equity can, with propriety, maintain, if left free, as this court is, to consider it upon the merits. In cases where the federal courts follow, in equity, the state statutes of limitation by analogy, they do so because equity requires it, and the statutes are found to be in harmony with its general principles.

The rule that the statute of limitations does not run in favor of one who perpetrates a fraud while he conceals it from the party injured, as a general doctrine of equity jurisprudence, is too well settled to require the citation of authorities.

The demurrer to the bill is overruled.