## STRETTELL *v.* BALLOU and others.

*(Circuit Court, D. Colorado. October 15, 1881.)*

**1. MINERAL LANDS — CLAIM — PARTITION — CIRCUIT COURT — JURISDICTION IN EQUITY.**

The jurisdiction in equity of the circuit court of the United States is derived from the constitution and laws of the United States alone. Hence, a bill for partition, brought in the circuit court by the owner of an undivided interest in a mining claim, will be dismissed for want of jurisdiction, as the title to the land remains in the United States.

*M. B. Carpenter*, for complainant.

*Dixon & Reed*, for respondent.

McCRARY, C. J. It has long been settled that the jurisdiction of the circuit courts of the United States in equity is derived from and defined by the constitution and laws of the United States; that it is the same in all the states, and is not to be affected or varied by the various statutes of the states, whereby the chancery powers and jurisdiction of state courts may be defined and regulated. This court

cannot, therefore, look to any state legislation as the source of its jurisdiction in equity. In *Boyle* v. *Zacharie*, 6 Pet. 658, Chief Justice Marshall, speaking for the supreme court, thus stated the rule: "And the settled doctrine of this court is that the remedies in equity are to be administered, not according to the state practice, but according to the practice of courts of equity in the parent country, as contradistinguished from that of courts of law, subject, of course, to the provisions of the acts of congress, and to such alterations and rules as, in the exercise of the powers delegated in those acts, the courts of the United States may from time to time prescribe." And see, to the same effect, *Robinson* v. *Campbell*, 3 Wheat. 212; *U. S.* v. *Howland*, 4 Wheat. 115; *Neves* v. *Scott*, 13 How. 271; *Noonan* v. *Lee*, 2 Black, 499; *Johnson* v. *Roe*, 1 McCrary, 162.* It follows, from these authorities, that, unless the jurisdiction of this court can be derived from the constitution and laws of the United States alone, it does not exist.

Section 913 of the Revised Statutes of the United States declares that the modes of proceeding in equity causes shall be according to the principles, rules, and usages which belong to courts of equity, as contradistinguished from courts of law; and this language refers to the principles, rules, and usages by which the high court of chancery of England was governed at the time the judiciary act was passed.

It is very clear that, according to the general principles of equity jurisprudence, as administered in England at the time of the passage of the judiciary act, and as administered by courts of chancery in this country, except where a different rule is adopted by statute, the holder of a mere possessory interest in land, and not having title thereto, cannot maintain a bill for partition. Such a bill must be filed by one having title to a portion of the premises sought to be partitioned. *Horncastle* v. *Charlesworth*, 11 Simons, Ch. 314; *Williams* v. *Wiggand*, 53 Ill. 233; *Ross* v. *Cobb*, 48 Ill. 111.

It is not claimed that there is any act of congress conferring upon this court jurisdiction in equity of a bill for partition brought by the owner of an undivided interest in a mining claim where the legal title to the real estate remains in the United States. It follows that this bill must be dismissed for want of jurisdiction. If the statutes of the state of Colorado, relied upon by counsel for complainant, confer jurisdiction upon the courts of the state in a case of this character, the complainant must resort to those courts.

*S. C. 1 Fed. Rep. 692.