ASPEN MINING & SMELTING Co. *v*. RUCKER and others.

(*Circuit Court, D. Colorado.* August 9, 1886.)

1. EQUITY—JURISDICTION—PARTITION.
      Courts of equity have, concurrently with courts of law, general original jurisdiction in matters of partition.

2. COURTS—FEDERAL — JURISDICTION— HOW AFFECTED BY STATE LAWS—EQUITABLE RIGHTS.
      Federal courts, sitting as courts of equity, may administer any right of an equitable nature given by the statutes of the state.

3. PARTITION—WHEN IT MAY BE HAD—MINING CLAIM—STATUTES OF COLORADO.
Under the statutes of Colorado, partition of a mining claim held by joint owners under the possessory rights given by acts of congress may be had, notwithstanding the legal title has not yet passed from the general government.

4. SAME—WHO MAY HAVE—JOINT OWNERSHIP IN A MINE.
The mere fact of joint ownership in a mine does not give a legal nor an equitable right to a partition.

On Exceptions to Answer.

*Patterson & Thomas*, for complainant.

*J. W. Taylor*, for defendants.

BREWER, J. The question presented in this case arises on exceptions to the answer. The action is one for partition of a mining claim. The bill alleges that complainant is the owner and in possession of eleven-twelfths of the Emma lode mining claim, and that the defendants are owners of the other one-twelfth. The answer admits the ownership as alleged, but avers that no patent has ever been issued, and that the fee-simple title still remains in the government. To this one exception runs. In other words, the contention of defendant is that, inasmuch as the fee of the property remains in the government, no partition can be had in this court. In support of this the case of *Strettell* v. *Ballou*, 3 McCrary, 46, S. C. 9 Fed. Rep. 256, is cited. In that case it appeared that the title to the property in controversy was in the United States, and that the parties had jointly a possessory claim or interest, with the right to take ore therefrom, but had no other title. It was held this court had no jurisdiction because the complainant had no title to the land. If this case established a rule of property, I should be reluctant to depart from it, even if I did not assent to its reasonings and conclusions. The maxim *stare decisis* would seem applicable. As, however, nothing was involved save a matter of practice and a question of forum, I do not consider myself concluded by it.

It is well to understand definitely what the title of these parties is. The averment of the bill is that they are owners, and in possession. The answer, admitting the ownership, simply pleads that the patent has not issued, and that the fee-simple title remains in the government. The import of these averments is that the equitable title is in the parties; the legal title in the government. The property is called a "mining claim," and it is alleged in the bill that it was discovered and located by certain parties in 1880, all of whose interests have become vested in the present litigants. The statutes of the United States provide that, upon performance of certain conditions, the discoverer of a mine becomes entitled to a patent. If all these conditions have been performed, the full equitable title is vested in the discoverer, and all that the government retains is the naked legal title, in trust for the equitable owner. If only partially performed, he has an absolute right of possession, and an inchoate title, which

further performance will perfect and complete. Such a right, possessory in its nature, yet coupled, under existing laws, with further rights as to acquisition of title, is declared by the statutes, and the decisions of the supreme court of Colorado, to be a real-estate title. Such a property passes to the heir, is subject to seizure and sale as real estate, must be conveyed by deed, and is subject to partition. *Gillett* v. *Gaffney*, 3 Colo. 351; *Sears* v. *Taylor*, 4 Colo. 40; *Filmore* v. *Reithman*, 6 Colo. 124. See, also, *McKeon* v. *Bisbee*, 9 Cal. 142; *Watts* v. *White*, 13 Cal. 324; *Merritt* v. *Judd*, 14 Cal. 64; *Lowe* v. *Alexander*, 15 Cal. 302; *Hughes* v. *Devlin*, 23 Cal. 502; *Spencer* v. *Winselman*, 42 Cal. 479; *Dall* v. *Confidence Silver Min. Co.*, 3 Nev. 531.

It is doubtless true that the jurisdiction of the federal courts, sitting as courts of equity, is not dependent upon or limited by any state statutes. Neither is the practice therein prescribed by state legislation. *Boyle* v. *Zacharie*, 6 Pet. 658; *Strettell* v. *Ballou*, 3 McCrary, 46; S. C. 9 Fed. Rep. 256, and cases cited. Yet it is equally true that an enlargement of equitable rights, given by a state statute, may be administered in a federal court. *Holland* v. *Challen*, 110 U. S. 15; S. C. 3 Sup. Ct. Rep. 495. I take it, in this respect, there is no difference between a legal and an equitable right. The federal courts enforce and administer the laws of the state; and if any right, legal or equitable, be given by a state statute, the non-resident litigant who may come, or be forced, into a federal court, may avail himself thereof. Such I understand to be the general rule. Any exception thereto arises either because the state statute conflicts with some federal legislation, or because the right granted is one not in its nature administerable in federal courts. *Clark* v. *Smith*, 13 Pet. 195; *Broderick Will Case*, 21 Wall. 520.

Courts of equity have a general jurisdiction in matters of partition. It is true that, at an early day, partition, being considered as a division of legal estates, was regarded as peculiarly a proceeding at law, and special reasons were supposed necessary to sustain the jurisdiction of a court of equity. Story, Eq. Jur. §§ 646–658. In these sections an historical review is given, and in the last section the learned author thus states the present state of the law: "These courts [courts of equity] have assumed a general concurrent jurisdiction with courts of law in all cases of partition; so that it is not now deemed necessary to state in the bill any peculiar ground of equitable interference."

I summarize my conclusions in three propositions: (1) Courts of equity have, concurrently with courts of law, general original jurisdiction in matters of partition. (2) Federal courts, sitting as courts of equity, may administer any right of an equitable nature given by the statutes of the state. (3) Under the statutes of Colorado, partition of a mining claim held by joint owners, under the possessory rights given by acts of congress, may be had, notwithstanding the legal title has not yet passed from the general government. The

exception to this portion of the answer must therefore be sustained.

The answer further alleges that accounts between complainant and defendants, concerning said mine, are unsettled, and that numerous suits are pending involving the title to the mine, and the rights and interests of its various owners. To these matters, also, exceptions have been filed. I overrule these exceptions. I do this for these reasons: This is an equitable proceeding. The mere fact of joint ownership does not give an equitable right to a partition. Seldom can a division of a mine be made. Generally partition must result in a sale. To such property there is an unknown value; and a chancellor may well require full information as to all the relations of the parties to the property before decreeing any partition which will practically result in dispossessing one of the parties entirely. I do not enlarge upon this matter, but simply notice it, to guard against any thought that partition is to follow as a legal right. When the facts are fully presented, I can the better determine whether partition ought equitably to be ordered, and, if so, upon what terms.