## Ball, et al. v. Clark, Trustee, et al.

(Decided November 1, 1912.)

### Appeal from Pike Circuit Court.

1. Land—Surface Ownership and Minerals—Conveyance.—It is settled in this State that the surface ownership of land may be in one man and the minerals in another; that both in such case are landholders; that the owner of land may convey the surface to one, and reserve to himself an estate in fee in the minerals; that the effect of such conveyance will be to create an estate separate and distinct in the sundered properties, the one from the other, entire and complete in fee simple.

2. Same—Estate in Minerals.—An estate in such minerals is the subject of partition.

3. Conveyance of Minerals—Cotenancy—Rights of Infants—Judgment.—While Ball and the infant children of his sister owned

each a moiety in a tract of land, a deed conveying an undivided one-half interest in all the coal, gases, oil and minerals of every description together with rights of way by the construction of tramways, railroads, rights to stone, water and so on, is ineffectual to bind the infants. Such a conveyance is an attempt to create a new and distinct tenancy in common between one co-tenant and others in distinct partition of the common estate, which is contrary to the rules of law.

C. C. BOWLES, T. L. EDELEN for appellants.

AUXIER, HARMON and FRANCIS, HAGER & STEWART for appelle.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

This case is one of first impression in Kentucky. In 1900, Louisa Ball conveyed to Andrew Ball and Polly Ann Ball, one moiety each, a one hundred acre tract of land in Pike County. Polly Ann Ball thereafter died intestate, leaving surviving her the infant appellants, who inherited her moiety in the land. While the title stood thus, one-half in fee simple in the said Andrew Ball and the other half in the infant children born of him and his wife, the said Andrew Ball, on the 14th day of November, 1911, executed his deed of conveyance, whereby he conveyed to the appellant, Clark, trustee, &c., the following property, to-wit: An undivided one-half interest in and to "All the coal, gases, salt water, oil and minerals of every description, in, upon and under the tract of land hereinafter described, together with the full and complete rights and privileges of every kind for modern mining, manufacturing and transporting such coal, gases, salt water, oil and minerals, on, through and over said premises as well as all other products which the said party of the second part, his heirs, successors or assigns, now own or may hereafter acquire, and also with full rights of way to, from and over said premises by the construction of roads, tramways, railroads or otherwise maintaining same for the purpose of extracting, storing, handling, manufacturing, refining, shipping or transporting all of the said mineral products, whether contained in or under the said premises or elsewhere, and for any other purpose whatsoever, with the right and privilege to build, erect, alter, repair, maintain and operate upon said land, and at the

option of the second party, his successors or assigns, to therefrom remove any and all houses, shops, buildings, tanks, derricks, inclines, tipples, dams, coke ovens, store and warerooms, and machinery, and all mining equipment that may by party of the second part, his successors or assigns, be deemed necessary or convenient for the full and free exercise of all the property rights and privileges hereby bargained, sold, granted and conveyed; also the full right to take and use all water, stone and timber under twelve (12) inches in diameter at the time of operation found on said premises which may be necessary for mining purposes, or any other purposes above mentioned; provided however that the said parties of the first part shall have the right to take for themselves only such coal as they may need for domestic use of their own family so long as they may remain on the premises hereinafter described.'' Then follows a description of the boundary above named.

Thereafter appellant instituted in the Pike Circuit Court, under subsection 2 of section 490 of the Civil Code, his action for a sale of all the rights gained in this conveyance, together with all the rights of his infant co-tenants of like nature in the entire boundary; predicating his action upon the indivisibility of this particular species of property. The trial court granted the relief and decreed a sale of the properties and rights named in the entire property. From that judgment the infants, by their guardian ad litem, appeal.

It is settled in Kentucky, in the case of Kincaid v. McGowan, et al., 88 Ky., 91, and Stuart, Trustee v. Commonwealth, 94 Ky., 595, that the surface ownership of land may be in one man and of the minerals in another; that both in such a case are landholders; that the owner of land may convey the surface to one and reserve to himself an estate in fee in the minerals, or vice versa, or may convey the surface to one and the minerals to another; that the effect of such a conveyance will be to create an estate separate and distinct in the sundered properties, the one from the other, entire and complete in fee simple. The deed, therefore, from Andrew Ball to Clark, trustee, is entirely valid inter partes.

Likewise, it may be considered to be settled that an estate in such minerals is the subject of partition. Freeman on Co-tenancy and Partition, section 435; Canfield & Chapman v. Ford, 28 Barb., 336; Hughes v. Devlin, 23 Cal., 505; White on Mines and Mining Remedies, section 591; Aspen Mining & Smelting Co. v. Rucker, et al. (U. S. C. C. Dist. of Colo.), 28 Fed., 220; McConnell v. Pierce, 210 Ill., 627. A sale because of indivisibility under our statute is but a method or means of partition and the same general rules apply. If, therefore, the entire rights of the species named, had been acquired by appellant Clark and some co-owner with him in such way as that the rights of no owner of any other estate or parcel or part of the same tract of land were involved, he would have as against such co-owner his right of partition or of sale if the property were indivisible.

This condition, however, does not obtain here. The deed to Clark, trustee, from Andrew Ball, his vendor, conveyed the rights gained by the vendee only of a one-half undivided moiety in and to such mines, easements and the other denominated rights in the entire property. His co-tenants in the other half of the entire property owned not merely these minerals and easements, but the fee in its entirety. The question, therefore, is whether or not Andrew Ball, the vendor, could execute to Clark, trustee, a deed of the character named conveying merely the minerals, appurtenances, easements and small timber and the rights generally named in the conveyance in an undivided moiety in the entire boundary, without prejudice to and without injury to the vested rights of his co-tenants in the entire property from the heavens to the center of the earth. The query has been adjudicated in other jurisdictions. In Adam, et al. v. Briggs Iron Co., 7 Cush., 361, it was held that a grant by a co-tenant attempting to sever the ore from the general interest in the land was ineffective as against the co-tenants, because it was an attempt to create a new and distinct tenancy in common between the one co-tenant and the co-owner in distinct partition of the common estate. Said the court:

"The ground upon which this doctrine is established is, that a tenant in common of an entire estate is entitled, on partition, to have his purparty assigned in one entire parcel, according to his aliquot part. The re-

spective co-tenants may convey their shares to one or many grantees, as they please, so it be of the entire estate; because, whether there be one or many co-tenants, each may still have partition, which is inseparably incident to an estate in common, and have it in one parcel and of the like kind and quality with the estate which he holds in common. I have a moiety; my co-tenant has a moiety. He may convey a quarter of the whole estate to one, an eighth to another, a sixteenth to another, and so on indefinitely, letting in other co-tenants with me. But all being seized of aliquot parts, in the same estate, and of like kind and quality, my right to partition is not disturbed by the number of co-tenants. But if he could convey his aliquot part, in specified parcels of the estate, he might diminish the value of my right, if not render it worthless.''

In Freeman on Co-tenancy, section 198, it is said that a conveyance of the minerals in a tract of land made by a co-tenant to a stranger, reserving in the grantor his interest in the land itself, is ineffective *as against the co-tenants* because it is an attempt to create a new and distinct tenancy in common between one co-tenant and others in distinct partition of the common estate, which is contrary to the rules of law.

In Benedict v. Torrent, 83 Mich., 181, it was held that a tenant in common could not convey his interest in the timber on the common land and thereby make his co-tenants, tenants in common with his grantee; and that such a conveyance was ineffective insofar as it tended to create a new tenancy in common. The opinion remarked that if this were permitted a joint tenant might convey the gravel beds, deposits of clay, quarries and deposits of ore to as many different parties and thereby create as many different tenancies in common, upon each of which a sale might be forced as against the original co-tenants.

In Boston Franklinite Co. v. Condit & Torrey, 19 N. J. Eq., 394, it was held that a deed of one co-owner to another of an undivided interest in the ores with the right to dig them was void as to the original co-tenants of the grantor, but was binding as between the parties. The opinion assigns as its reason that such a conveyance would operate to the prejudice of the rights of the original co-tenants to that partition to which they were entitled, i. e., a right to a partition by having one-half

of the whole premises set off to them; that they could not be compelled to partition one part with one co-tenant, another with another, and so on.

The reasoning of these cases is sound. If there were doubt about it, the doubt is relieved in the case at bar by reference to the judgment itself. The judgment decreed a sale of the entire minerals, privileges, easements, stone, timber under twelve inches in diameter, and the rights of removal, all as set out in detail in the deed, supra, to Clark, trustee. It will be noted at once that under this sale not only would the rights of these infant co-tenants in the minerals themselves be disposed of, but their surface rights would be seriously interfered with; for they would be forced *nolens volens* to part with their ownership of the timber under 12 inches in diameter, a property which they might be wholly unwilling to sell in their moiety of the entire property. The judgment as well would subject their one-half of the property upon partition of the surface, if it should ultimately be had, or their joint rights in the entire property, to all rights of ingress and egress, to the construction of tramways, railroads and the like and their maintenance over their surface properties— a condition so inequitable to them that the statement of it is sufficient to verify the reasoning of the cases supra, and to support our view that a partition or a sale of such joint properties in this distinct estate, carved out by the deed of Andrew Ball to Clark, trustee, is not to be tolerated.

Upon the oral argument it was suggested that such a conclusion as we have reached here would leave the appellants remediless. With that we cannot concern ourselves now. We are not permitted to forejudge and foredetermine such future case or cases as might from time to time result from the joint ownership in this property.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent herewith.