## Scott, etc. v. Pond Creek Coal Co.

(Decided February 6, 1913.)

### Appeal from Pike Circuit Court.

Mines and Mining—Joint Owners in Minerals—Action Against Infant Defendants to Sell Minerals on the Ground of Indivisibility—Sub-section 2, Section 490, Civil Code.—A joint owner of an undivided interest in minerals, gases, etc., underlying a certain body of land cannot, in an action against infants who own the remaining undivided interest in such minerals, gases, etc., as well as an undivided interest in the fee, enforce a sale of all the minerals, gases, etc., on the ground of their indivisibility.

G. T. HAWKINS, for appellants.

AUXIER, HARMAN & FRANCIS, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER.—Reversing.

Plaintiff, Pond Creek Coal Company, claiming to be the owner of an undivided 13-18 interest in and to all the coal, gases, salt water, oils and minerals of every description, underlyng a certain body of land located in Pike county, Kentucky, brought this action against the infant defendants, Thomas Scott, Sherman Scott and others, who were the owners of the remaining 5-18 undivided interest in said minerals, gases, etc., and who were also the owners of an undivided 5-18 of the entire fee to the tract in controversy, for the purpose of having

all of the coal, gases, salt water, oils and minerals of every description sold on the ground that they could not be divided without materially impairing their value, or the value of the plaintiff's interest therein, as provided by sub-section 2 of section 490 of the Civil Code. G. T. Hawkins was appointed guardian *ad litem* for the infant defendants, and filed his report. Judgment was entered adjudging that plaintiff and defendants were the joint owners of the coal, gases, salt water, oils and minerals, and directing a sale thereof. The property was sold and plaintiff became the purchaser at the price of $1,950.50. From the judgment of sale the infant defendants, by their guardian *ad litem*, prosecute this appeal.

The question presented is: May the owner of an undivided 13-18 interest in and to the minerals, gases, etc., underlying a certain tract of land, in an action against infants who own the remaining 5-18 interest in said minerals, gases, etc., as well as a like interest in the entire fee, have all the minerals, gases, etc., sold on the ground of their indivisibility? This precise question was before the court in the case of Ball, et al., vs. Clark, Trustee, et al, 150 Ky. 383. Upon careful consideration it was held that such a sale could not be made. The opinion in that case makes it unnecessary to discuss this case more at length.

Judgment reversed and cause remanded with directions to dismiss the petition.