# Warfield Natural Gas Co. v. Cassady et al.

(Decided Nov. 17, 1936.)

KIRK & WELLS and HAROLD A. RITZ for appellant.

J. B. CLARK for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

According to this record, the appellees are, severally, the owners of certain undivided interests in the entire property in two tracts of land, one containing 148.60 and the other 48.08 acres. The Kentucky By-Products Coal Company is the owner of a two-tenths undivided interest in the larger tract, and a three-tenths undivided interest in the smaller one, except that the Warfield Natural Gas Company owns, through acquisition from the coal company, the same fractional interest in and to the oil and gas rights in the land. The appellees brought this suit against the two companies for partition of the property. It was claimed in the petition that the surface should be allotted to each one proportionately, "but that the oil and gas under the part that belongs to the plaintiffs should be held intact and held in common by them."

Although summons was served upon a certain person as process agent of the Kentucky By-Products Coal Company, it made no appearance in the suit, and judgment went by default against it.

The Warfield Natural Gas Company by answer denied the right of the plaintiffs to have partition and alleged the impossibility and inequity of division of the oil and gas rights among the different owners in kind. It was averred that it was necessary to sell those rights

and divide the proceeds. The defendant asked that its interest in the property be declared; that it be adjudged the oil and gas rights could not be divided in kind; and that all the parties should be allowed to hold the undivided estate in the oil and gas.

Both tracts are located in territory where gas is found in paying quantities. There are two gas wells near by, and it is the opinion of the parties that both tracts contain and are underlaid with either. oil or gas, or both. It was agreed that those minerals are of fugitive or migratory nature, and that wells drilled on the same tract of land may produce oil and gas in various quantities, small or nonpaying wells being located near large and paying wells.

The judgment declared the property to be divisible and granted the prayer of the petition. It appointed commissioners for the purpose of making the division or partition among the parties according to shares which are definitely set forth in the judgment. The judgment states that the Warfield Natural Gas Company's interest is only in the gas, whereas it is stipulated that its interest is in both the oil and the gas. This was probably an inadvertence, but the judgment is nevertheless erroneous on that ground.

Although a mere order appointing commissioners to partition land is not final, such an order as this, fixing and effectually adjudging the extent of the interests of the owners and their respective parts, is a final judgment from which an appeal lies. Blackburn v. Blackburn, 200 Ky. 310, 254 S. W. 915; Bates v. Hanks, 262 Ky. 556, 90 S. W. (2d) 743.

An oil and gas lease is regarded as the conveyance of an interest in real property until those commodities shall be severed. But the nature of the property, as well as the nature of the title, sets it apart from the classification of real estate generally. It cannot be treated in the same manner under all conditions, such, for example, as protecting or enforcing the rights of the owners in the same way. Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, 178 S. W. 1084; Kentucky Counties Oil Co. v. Cupler, 204 Ky. 799, 265 S. W. 334; Hammonds v. Central Kentucky Natural Gas Co., 255 Ky. 685, 75 S. W. (2d) 204; Willis' Thornton Oil and Gas, secs. 34, 81. The extent and value of each indivisible part cannot be ascertained as in the case of surface prop-

erty. Hence the usual statutes providing for partition of real estate can have no application to the partition of oil and gas interests. There are insuperable difficulties. How could a three-tenths interest in the oil and gas rights be served? The surface may be divided among ten owners, but what three of them would be willing to have his property deprived of the minerals and his surface burdened with its use in obtaining them? Should the severance of the minerals and the accompanying burden be taken into consideration in fixing values for the purpose of partition of the surface, would it not be to gamble with the rights of the owner of only an oil and gas interest? Would it be fair and equitable to assign to him some part of the whole surface in view of the fugacious, uncertain, and speculative nature of the property? As was well said in Union Gas & Oil Co. v. Wiedeman Oil Co., 211 Ky. 361, 277 S. W. 323, 332:

> "Oil may underlie all or any part or none of it, and a compulsory partition of such mineral rights by laying off sections on the surface is but an exchange of properties 'sight unseen,' and, however fairly conducted, bears more resemblance to a speculative enterprise than it does to an equitable division."

Therefore, it is uniformly recognized that oil and gas interests in land shown to contain probable deposits of those commodities in paying quantities are not susceptible of partition in kind. There may be a division of the surface with each allotted part subject to the oil and gas lease, whether it be entire or fractional. Or there may be a division of the lease by selling it and distributing the proceeds. Ball v. Clark, 150 Ky. 383, 150 S. W. 359; Miller v. Powers, 184 Ky. 417, 212 S. W. 453; Union Gas & Oil Co. v. Wiedeman Oil Co., supra; McIntire's Adm'r v. Bond, 227 Ky. 607, 13 S. W. (2d) 772, 64 A. L. R. 630; Keystone Gas Co. v. Allen, 227 Ky. 801, 14 S. W. (2d) 155; Trimble v. Kentucky River Coal Corp., 235 Ky. 301, 31 S. W. (2d) 367; Hall v. Vernon, 47 W. Va. 295, 34 S. E. 764, 49 L. R. A. 464, 81 Am. St. Rep. 791; Hall v. Douglas, 102 W. Va. 400, 135 S. E. 282; Dangerfield v. Caldwell (C. C. A.) 151 F. 554; Willis' Thronton Oil and Gas, sec. 437.

It follows that the judgment is erroneous, and it is accordingly reversed.