## Osborn v. Osborn et al. (two cases).
(Decided March 16, 1937.)

HILL & HOBSON for appellant.

COMBS & COMBS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This is the second appeal of this case, the former opinion rendered July 1, 1934, will be found in 204 Ky. 144, 263 S. W. 738. Reference to that opinion will save an extended statement of the facts that would otherwise be necessary to an understanding of matters involved on this appeal.

After the mandate issued ·on former appeal, the case was permitted to lie dormant for nearly 10 years and until February 2, 1934, when D. P. Osborn filed an amended answer alleging that the life estate in the land involved in the action had been terminated by the death of his father, W. J. Osborn; that he and the plaintiff, James W. Osborn, and their sister, Lucile Davis, nee Lucile Osborn, were the joint owners of the home tract which it appears was tract No. 7 described in the judgment from which the first appeal was prosecuted, James W. Osborn being the owner of an undi-

vided ten-twelfths interest and he and his sister, Lucile Davis, each being the owner of a one-twelfth undivided interest therein; that this tract should be divided between the three owners in the proportions indicated; that he was still the owner and in possession of a tract adjudged to him which adjoined the home tract; that he was entitled to have his portion of the home tract land laid off adjoining the tract which had been adjudged to him. He further alleged that he and his brother and sister above mentioned were the joint owners of the timber and minerals in the remainder of the entire W. J. Osborn farm as described in the original judgment except that he was the sole owner of timber on the tract adjudged to him, the respective interests of the parties, excepting the timber on the tract adjudged to him, being in the same proportion as their interest in the home tract. He asked that commissioners be appointed to divide and allot the land and minerals to the parties in interest and that his portion of the home tract be laid off adjoining the tract adjudged to him and that his portion of the minerals be laid off to him, on and under his land; that the timber be sold and the proceeds divided between the parties according to their respective interests.

James W. Osborn was a resident of Oklahoma, and no summons or warning order was issued on the amended answer. Judgment was entered at the same term of court at which the answer was filed granting the relief sought. The commissioners appointed to partition the land and minerals filed their report, to which James W. Osborn filed exceptions and supplemental exceptions; one of a number of exceptions being that the parcel of land and minerals set apart to him were flagrantly less than the interest he owned in the property and that the parcels of land and minerals allotted to D. P. Osborn and Lucile Davis were correspondingly in excess of the interests which were adjudged to them; that the division made by the commissioners was such as to show that they were prejudiced in favor of D. P. Osborn and Lucile Davis and against the interest of plaintiff, James W. Osborn. Another exception was that the judgment of the court directing the partitioning of the minerals included oil and gas rights in the land in controversy and the partitioning made of the minerals thereunder was void. He also filed a motion to strike the answer

of D. P. Osborn and to set aside and vacate the judgment directing a partitioning of the properties on the ground that at the time of the entry thereof the case was not pending in the Floyd circuit court and that no summons or other process was executed on the amended answer and that he had no notice of any kind that the case was pending or that any steps were being taken in the case of D. P. Osborn.

The court overruled the exceptions and the motion, and James W. Osborn is appealing from both the judgment decreeing that the land and minerals be partitioned and the judgment sustaining and confirming the report of the commissioners.

The conclusion we have reached renders it unnecessary to treat all points discussed in briefs by counsel for respective parties. One of the grounds argued for reversal is that the judgment is erroneous, in that it authorized the partitioning of oil and gas rights in the land. This court has been called upon in a number of very recent cases to determine this identical question and has held that the usual statutes relating to the partitioning of real estate do not apply to oil and gas because of the insuperable difficulty in determining an equitable division of these mobile elements as may be done as between owners of the surface.

In Warfield Natural Gas Co. v. Cassady, 266 Ky. 217, 98 S. W. (2d) 495, 496, the opinion quotes from Union Gas & Oil Co. v. Wiedeman Oil Co., 211 Ky. 361, 277 S. W. 323, the following:

"Oil may underlie all or any part or none of it, and a compulsory partition of such mineral rights by laying off sections on the surface is but an exchange of properties 'sight unseen,' and, however fairly conducted, bears more resemblance to a speculative enterprise than it does to an equitable division."

And continuing says:

"Therefore, it is uniformly recognized that oil and gas interests in land shown to contain probable deposits of those commodities in paying quantities are not susceptible of partition in kind. There may be a division of the surface with each allotted part subject to the oil and gas lease, whether it be entire

or fractional. Or there may be a division of the lease by selling it and distributing the proceeds''— citing numerous authorities.

Those opinions and cases cited in them are concluisve and fully sustain appellant's contention.

It is further asserted by counsel for appellant that the amended answer stated a new cause of action and that the judgment is erroneous because appellant was not brought before the court on it. There is apparent merit in this contention; however, appellees are contending otherwise and assert that, in any event, appellant waived any objection in this particular and entered his appearance by filing exceptions to the report of the commissioners before bringing the court's attention to the matter by timely motion or other steps.

The evidence to sustain appellant's exceptions on the ground that some of the commissioners were biased because of relationship to parties and that the division of the land was unfair and inequitable is conflicting, but in this connection it may be said that Mrs. Davis' husband, who appeared to be acting for her in the entire proceeding, testified in effect that the division made by the commissioners were unjust and inequitable as to appellant.

Exceptions were made to the report of the commissioners because they gave to other parties a passway over lands allotted to appellant when this was not asked for or directed by the judgment. Without determining all these and other exceptions, we deem it sufficient to say that, inasmuch as the judgments must be reversed on the first ground discussed herein, the report of the commissioners should, in the proven circumstances, be set aside and the respective parties be permitted to file such pleadings as they may desire and to start anew.

Wherefore the judgments are reversed for proceedings in conformity with this opinion.