**DAWSON DAYLIGHT COAL COMPANY,**
**Appellant,**

v.

. **Ed F. BESHEAR et al., Appellees.**

Court of Appeals of Kentucky.

March 2, 1956.

Nichols & Nichols, Madisonville, for appellant.

Laurence T. Gordon, Madisonville, for appellees.

MOREMEN, Judge.

This is an appeal by the Dawson Daylight Coal Company from a judgment of the Hopkins Circuit Court dismissing its petition against the appellees filed pursuant to KRS 389.020, seeking sale of the minerals in a tract of land.

Appellant, Dawson Daylight Coal Company, owns a 3/192 interest of a one-half undivided interest in the minerals on a tract of land situate in Hopkins County. Appellees own jointly the remaining interest in the minerals and all the surface.

The question presented in this case is whether the owner of an undivided interest in the minerals under a tract of land may maintain an action under KRS 389.020 for the sale of all the minerals and division of the proceeds against joint owners of the minerals who also own the surface in fee.

Both parties to this appeal cite and rely, to a certain extent, upon Ball v. Clark, 150 Ky. 383, 150 S.W. 359, and the rules of law affirmed and announced therein. In Terteling Brothers, Incorporated v. Bennett, Ky., 287 S.W.2d 607, this court discussed at length the Ball case and some of the subsequent opinions which had relied upon it. It was recognized that in the Ball case the court had approved the rule that one cotenant cannot, by conveying an interest in minerals to a stranger, create a new tenancy in common between his co-owner and the stranger to whom the minerals were conveyed. But the court pointed out in the Ball case, and in subsequent cases, the actual facts of the cases had inclined the court to a position in protection of the surface owner's rights. The court ruled (in the Terteling Brothers case) that the owner of the surface rights could maintain a suit for partition against a person who was co-owner of the mineral rights lying under that surface, but indicated that the co-tenant in the mineral estate would have no such right if he sought to act against the will of the surface owner.

In the case at bar, a joint owner of the mineral tract seeks to sell property of a joint owner who also owns the surface rights. As we indicated in the Terteling Brothers case, this may not properly be done.

Judgment affirmed.