DIXIELAND DISTILLING COMPANY,
Appellant,

v.

**Ann C. KEIL, Mary R. Keil, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1984.

Charles A. Hagan, Hagan & Bolt, Hartford, for appellant.

Charles L. Trevathan, Louisville, for appellees.

Before CLAYTON, LESTER and MILLER, JJ.

CLAYTON, Judge.

This is an appeal by Dixieland Distilling Company from a judgment of the Breckinridge Circuit Court dismissing its petition against appellees filed pursuant to KRS 389A.030, seeking sale of the mineral rights in several tracts of land. The appellant, Dixieland Distilling Company owns a 1/300 undivided interest in mineral rights on tracts of land situated in Breckinridge County. The appellees jointly own the remaining interest in mineral rights in those same tracts. The parties' joint ownership interest in these rights originates by deed, dated February 21, 1895, under which,

> "the sole and exclusive rights and privilege to bore and sink wells for oils, gas, salt and mineral waters, and other valuable substances, to quarry and work stone clay mineral in sand bank or other valuable substances, and the ownership of said oils, gas, salt and mineral waters, stone,

clay, mineral ore in said sand bank or other valuable substances"

were severed from the surface estate and conveyed to: W.H. Bowmer, C.W. Moorman, W.G. Smart, David R. Murray and A.B. Skillman, ⅕ each. A thorough title examination by Dixieland traced the devolution of these interests to the named appellees, none of whom have claimed any interest or rights in the surface estate of those tracts.

On July 7, 1982, Dixieland filed a complaint in Breckinridge Circuit Court requesting that the minerals underlying the tracts be adjudged jointly owned and indivisible and sold as such under KRS 389A.030. A warning order attorney was appointed to notify the non-residents or unknown defendants. Summons was served upon known resident defendants, Mary R. Keil and Ann C. Keil. Mary R. Keil and Ann C. Keil answered by way of general denial alleging their lack of sufficient knowledge or information to admit or deny the allegations of Dixieland's complaint.

On November 3, 1982, a hearing was held at which time Dixieland's motion for judgment and order of sale was denied based on the court's concern about future litigation by affected surface owners. In order to prevent future lawsuits, the Court reasoned that the surface owners from whom the mineral rights have been severed must be made parties to the original suit. An order to that effect was entered January 3, 1983, citing *Terteling Brothers, Inc. v. Bennett,* Ky., 287 S.W.2d 607 (1956), and *Dawson Daylight Coal Co. v. Beshear,* Ky., 287 S.W.2d 925 (1956).

The question now presented is whether the owners of a surface estate in land containing a severed mineral estate are necessary parties to an action among the owners of the mineral estate to partition their mineral interest by sale according to KRS 389A.030. We hold they are not. Where the entire mineral estate has been severed, cotenants in the mineral estate are not required to name the surface owners in an action to partition by judicial sale under KRS 389A.030.

While the circuit court's concern regarding future litigation is pragmatic and well-placed, its dismissal of the appellant's action was inappropriate as a means of addressing those concerns. Neither *Terteling Brothers, supra,* nor *Dawson Daylight Coal Co., supra,* require such a result. In both those decisions mineral owners were precluded from partition as a result of a cotenant's ownership of a surface interest. In each case that surface ownership was pleaded and proved by the defendants as a defense to sale. At no time have any of the current defendants asserted such a defense, nor is there any evidence that it would be available to them. Furthermore, the possible actions of surface owners affected by exploitation of the partitioned mineral rights, while numerous and time-consuming, would not flow from the act of partition by sale, but instead from the purchasers' infringement upon their rights in the use and enjoyment of the surface. The sale is a legally unrelated event.

The judgment of the Breckinridge Circuit Court is reversed.

All concur.