## CIRCUIT COURT OF CHESTERFIELD COUNTY

Weber

    v.

Solomon

June 19, 1989

Case No. (Chancery) 4047-86

By JUDGE HERBERT C. GILL, JR.

On March 29, 1989, counsel presented argument in regard to plaintiff's motion to confirm the Commissioner's Report filed February 16, 1989, and request for attorney's fees. See Report of the Commissioner in Chancery, J. Randolph Smith. Defendant objects to the Commissioner's findings that the property cannot be conveniently partitioned and that the best interests of the parties would be served by a sale of the property. See Exceptions to Commissioner's Report filed February 17, 1989. Both parties have stipulated that either is willing to purchase the entire parcel at its fair market value of $27,000.00. However, neither party is willing to sell their respective interest to the other. See Stipulation of Facts received May 23, 1989.

The issues before the Court are as follows:

1. Whether the Commissioner's Report should be confirmed, i.e. whether the Commissioner appropriately held that the property cannot be conveniently partitioned and a sale would serve the best interests of the parties.

2. Given that both coparceners are willing to purchase the entire parcel, whether the Court may compel a coparcener to sell and allot his interest against his wishes.

3. Whether an award of attorney's fees and costs is appropriate.

Pursuant to Section 8.01-610 of the Virginia Code, the Commissioner's findings of fact are afforded great weight. *Jamison v. Jamison*, 3 Va. App. 644 (1987). Conclusions of law are not granted such preference. *Id.*, 3 Va. App. 644 (1987).

Upon consideration of arguments presented, plaintiff's motion to confirm the Commissioner's Report is granted. The allotment requests are denied. Mr. Gadberry is directed to prepare the decree of sale. Pursuant to Section 8.01-92 of the Virginia Code, plaintiff's counsel is awarded $500.00 as attorney's fees against the unrepresented shares.

The Commissioner's findings are adequately supported by the evidence. The property cannot be conveniently partitioned due to its shape, size and location. See testimony of Mr. M. Howell Watson, October 10, 1988, Tr. page 12. The best interests of the parties would be served by a sale. No evidence was presented that the property was being used by anyone or that it was ever capable of use in its present condition. Several parties share collectively one-ninth interest in the parcel. Under the circumstances, small shares preclude division.

Section 8.01-83 specifically authorizes:

> where partition in kind cannot be conveniently made, to allot the property to any one or more of the parties in interest who will pay such sums as the interest of the others may entitle them to receive. The decision rests within the sound discretion of the Court. *Quillen v. Tull*, 226 Va. 498 (1984), citing *Shatwell v. Shatwell*, 202 Va. 613 (1961); *Thrasher v. Thrasher*, 202 Va. 594 (1961).

In *Quillen*, the Virginia Supreme Court affirmed the lower Court's decree allotting two of four parcels to plaintiff in lieu of partition pursuant to Section 8.01-83. Plaintiff owned a 52 percent interest in the parcels. The remaining two parcels were sold as one.

In *Thrasher*, the Virginia Supreme Court affirmed the lower Court's decree denying requests by coparceners to allot the property pursuant to former Section 8-692 (now 8.01-83) of the Virginia Code. The Court wrote:

Appellants assigned error to the court's denial of their motion that the land be allotted to them and they be allowed to pay to the others for the value of their interests, pursuant to Code Section 8-692. The motion was made two days before the final decree. On the date of the decree Robert Guy Thrasher and the successors in title of Daniel Leroy Thrasher filed a similar motion asking that the tract be allotted to them. The court, found, as stated, that it should be allotted to neither group. There was no error in that ruling. The language of the allotment provision is permissive and its exercise rests in the sound discretion of the court. In this case it is not shown that the court should have honored the request of one group over that of the other, or that the request of either should have been granted.

Neither party may be allotted the parcel pursuant to Section 8.01-83 of the Virginia Code. As in *Thrasher*, this Court has not been shown that the request of one coparcener should be preferred.

Further, note that absence of consent to retain a certain interest precludes an allotment. Co-tenants cannot be compelled to have their common interests allotted in kind to them jointly against their wishes, or the wishes of either. *White v. Pleasants*, 227 Va. 508 (1984), citing *Phillips v. Dulaney*, 114 Va. 681 (1913). (In *White*, cotenant A requested an allotment of cotenant B's interest, permitting joint ownership of the property by A and C. C objected.)